THOMAS C. HALL AND J. D. POPE, LATE PARTNERS AS HALL & POPE, *Plaintiffs in Error,* v. THE NORTHERN & SOUTHERN COMPANY, A CORPORATION, *Defendant in Error.*

1. If a declaration fails to allege substantive facts that are essential to a right of action the trial court or the appellate court may take notice of such fatal defect and make proper disposition of the cause.

2. In an action for breach of contract if no cause of action is alleged no damages can be recovered, a demurrer to the declaration upon the ground "that it does not appear that the plaintiff has sustained any damage" should be sustained.

3. Where a contract for the sale of land contains a provision

that "upon the payment of the first deferred payment, here-
inafter mentioned, the second parties shall be entitled to take
possession of any of said lands and cut the timber therefrom,
provided same is not being used by the first (parties) for tur-
pentine purposes," a declaration in an action for a breach of
the contract should contain allegations showing that the
plaintiff is "entitled to take possession," and that possession
had been denied him to his injury.

Upon petition for rehearing in this case the following
opinion was rendered:

WHITFIELD, J.—In a petition for rehearing it is sug-
gested that the demurrer to the declaration does not
state as substantial matters of law the particular grounds
on which the court found the declaration to be defec-
tive.

If a declaration fails to allege substantive facts that
are essential to a right of action the trial court or the
appellate court may take notice of such fatal defect and
make a proper disposition of the cause. See Eddins v.
Tweddle, 35 Fla. 107, 17 South. Rep. 66; Florida Cent.
& P. R. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep.
832; State ex rel. Kittel v. Jennings, 47 Fla. 302, 35
South. Rep. 986.

The fifth ground of the demurrer to the declaration
is "that it does not appear that the plaintiff has sustained
any damage." If no cause or right of action is alleged
no damages can be recovered in the action. The con-
tract expressly provides that "upon the payment of the
first deferred payment, hereinafter mentioned, the sec-
ond parties shall be entitled to take possession of any
of said lands and cut the timber therefrom, provided
same is not being used by the first for turpentine pur-
poses, and the right to use same for turpentine pur-
poses for two years from date hereof is reserved by
the first parties."

The deferred payments referred to are provided for

as follows: "And said party of the second part further agrees to pay to the said parties of the first part, or their assigns, upon the purchase price of the lands and leases above mentioned, the following sums of money, at the time and in the manner hereinafter specified, viz: $3,142.91 dollars payable 24 months after date hereof. $2,091.94 dollars payable 30 months after date hereof," etc., "which deferred payments shall draw interest from January 9th, 1906."

It is clear from these provisions of the contract that the plaintiff was not entitled to possession until "the payment of the first deferred payment, hereinafter mentioned," and that such deferred payment was to be paid "at the time and in the manner hereinafter specified, viz: $3,142.91 dollars payable 24 months after date hereof," the "date hereof" being January 9th, 1904. This being so, possession of the land could not be claimed under the contract by the plaintiffs until January 9th, 1906, and the payment of $3,142.91 to the defendants, "or their assigns." And even then possession could not be claimed if the land was "being used by the first for turpentine purposes," meaning the defendants.

The contract was made January 9, 1904, the conveyance was to be made 42 months thereafter upon the payment of the last installment of the purchase price due and payable at that time.

The allegation that the defendants "stated to the plaintiff that they, the said defendants, had to-wit, on or about December the 1st, A. D., 1905, relinquished, transferred, assigned, sold and conveyed, all their right, title, interest and claim in and to all the lands, timber, timber leasehold rights, and all other property described in said contract to other parties, to-wit: naming them, and that said parties were then in possession of all of said lands, timber leasehold rights, timber rights, and other properties mentioned in said contract, whereby the said

defendants had, by their acts as aforesaid, rendered themselves unable, and had made it impossible to perform and carry out the covenants, terms and provisions of said contract with the plaintiff," is an allegation that the defendants had transferred *their rights* and interest in the property, and such rights so transferred were of course subject to the rights of the plaintiff under the contract. The contract to convey did not take from the defendants the right to possession and title till the plaintiff complied with his part of the contract, and this right to possession and title held by the defendants could have been transferred to others subject to the valid rights of the plaintiff without injury to the plaintiff. The contract does not forbid this. If the transfer from the defendants to third parties covered only the rights of the defendants and such rights are subject to the rights of the plaintiff the plaintiff is not necessarily injured by the mere transfer. Nor does such a transfer necessarily make it impossible or even impracticable for the plaintiff to have a full compliance with the contract to convey. The mere transfer of the property as alleged is not such a renunciation of the contract as gives the plaintiff a right of action as for a breach of the contract before the time has arrived for the conveyance to be made under the terms of the contract.

For aught that appears in the declaration, the possession of the land may have been transferred to others in December, 1905, the tendered payments may have been refused and the defendants may have said that because of the transfer of *their* rights to others they were unable to perform the contract, yet in law they were not so disabled and in fact may be able and willing to convey the land at the contract time, or the parties to whom the defendants' rights were transferred may by the transfer be required to comply with the contract which pro-

vided that the purchase money should be paid to the defendants "or their assigns."

The contract provides that upon the payment of the first deferred payment on January 9th, 1906, the plaintiff *shall be entitled to take possession* provided the land is not being used by the defendants "for turpentine purposes." There is no allegation that the plaintiff was "entitled to take possession" or that he endeavored or offered to "take possession" of the lands or any of them and could not do so to his injury. If the allegation that the defendants had prior to January 9, 1906, put other parties into possession of the lands is equivalent to an allegation that the defendants were not then or thereafter using it for turpentine purposes, there is no allegation that the plaintiff offered or sought to "take possession" of the land upon the payment of the first deferred payment as was his right under the contract, therefore no injury is shown to have accrued to the plaintiff to give a cause of action.

A rehearing is denied.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., not participating.