UNITED STATES FIDELITY & GUARANTY COMPANY, A CORPORATION, *Plaintiff in Error,* v. DISTRICT GRAND LODGE No. 27 OF THE GRAND UNITED ORDER OF ODD FELLOWS, A FRATERNAL CORPORATION, *Defendant in Error.*

1. A declaration in an action at law should allege every fact that is essential to the plaintiff's right of action.

2. Where an action is brought upon a bond with collateral conditions and the bond contains conditions to be performed by

the plaintiff precedent to the liability of the defendant, the declaration should allege the performance of conditions precedent, or a valid excuse for nonperformance; and the failure to so allege renders the declaration subject to demurrer.

3.  Where the mere reading of a declaration discloses the omission therefrom of essential allegations that conditions precedent to the liability of the defendant have been performed or excused, the declaration is amenable to a general statement of a demurrer thereto that no right of action appears, even though the failure to allege the performance of conditions precedent is not made a specific ground of the demurrer.

4.  The performance of conditions precedent may under the statute be alleged generally, and the opposing party is then required to "specify in his pleading the condition precedent the performance of which he intends to contest"; but matters of excuse for nonperformance of conditions precedent are not covered by the statute and they should be stated specifically as required by the rules of pleading at common law.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*L. N. Green,* for Plaintiff in Error;

*H. M. Hampton* and *H. L. Anderson,* for Defendant in Error.

WHITFIELD, C. J.—This is an action on a bond with collateral conditions given by the plaintiff in error to indemnify the defendant in error against loss "by reason of fraud or dishonesty of" one of its officers "amounting to larceny or embezzlement." The bond contains a num-

VOL. 58, JUNE TERM, 1909. 375

U. S. Fid. & Guar. Co. v. Dist. Lodge No. 27—Opinion of Court.

ber of conditions some being precedent to liability, and while there are allegations that the plaintiff performed conditions as to notice of the embezzlement and proof of loss as required by some of the conditions of the bond, there is no general or specific allegation of the performance of all of the conditions precedent to liability.

A demurrer was filed to the declaration upon the grounds that it stated no right of action, and that a statement referred to in the bond incorporated in the declaration "should have been declared upon along with the bond and as part thereof." This demurrer was overruled. Verdict and judgment were rendered for the plaintiff and the defendant took writ of error.

A declaration in an action at law should allege every fact that is essential to the plaintiff's right of action. Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367; South Florida Tel. Co. v. Maloney, 34 Fla. 338, 16 South. Rep. 280; Savannah, F. & W. R. Co. v. Willett, 43 Fla. 311, 31 South. Rep. 246; Bennett v. Herring, 1 Fla. 387; Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992.

Where an action is brought upon a bond with collateral conditions and the bond contains conditions to be performed by the plaintiff precedent to the liability of the defendant, the declaration should allege the performance of conditions precedent, or a valid excuse for non-performance; and the failure to so allege renders the declaration subject to demurrer. See Milligan v. Keyser, *supra;* Thompson v. Kyle, 39 Fla. 582, 23 South. Rep. 12, 63 Am. St. Rep. 193; Myrick v. Merritt, 22 Fla. 335; Sanford v. Cloud, 17 Fla. 532; 5 Cyc. 814; 9 Cyc. 721; 31 Cyc. 107; Day's Com. Law Proc. (4th ed.) p. 91; 4 Ency. Pl. & Pr. 628.

Failure to allege the performance of conditions precedent or to allege an excuse for non-performance is not made a separate ground of the demurrer, but as it is the

duty of the plaintiff to make his right to recover on the bond appear by the declaration, the general statement in the demurrer that no right of action appears is sufficient in this case, for a mere reading of the declaration discloses the omission of the essential allegation that conditions precedent have been performed or excused. Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732, 20 L. R. A. (N. S.) 92; see also Hall v. N. & S. Co., 55 Fla. 242, 46 South. Rep. 178; F. C. & P. Ry. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832.

The performance of conditions precedent may under the statute be alleged generally, and the opposing party is then required to "specify in his pleading the condition precedent the performance of which he intends to contest." See 1436 Gen. Stats. of 1906. But matters of excuse for non-performance are not covered by the statute and they should be stated specially as required by the rules of pleading at common law. See Day's Common Law Proc. Act (4th ed.) 91.

The declaration being defective the judgment is reversed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.