M. L. DEKLE, *Plaintiff in Error*, v. J. M. CALHOUN, *Defendant in Error*.

1. If a declaration fails to allege substantive facts that are essen- tial to a right of action the trial court or the appellate court may take notice of such defect and make proper disposition of the cause.

2. At the common law the action of trover and conversion can be maintained only by one who had at the conversion a general or special ownership or interest in the property with the present right of possession.

3. A lien-holder with possession may maintain an action for the conversion of property.

4. One man who has merely a lien upon chattels without any right to their possession cannot maintain trover for their con- version.

5.  A landlord cannot maintain trover for the conversion of agricultural products by reason only of his statutory lien on them for rent.

6.  The statutory form of action for conversion is limited to the conversion of "plaintiff's goods."

7.  Where no right of property other than a mere statutory lien without immediate right of possession is shown by the plaintiff, he cannot on that right alone maintain an action for conversion.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Paul Carter,* for Plaintiff in Error.

*Calhoun & Campbell,* for Defendant in Error.

WHITFIELD, C. J.—The declaration filed by J. M. Calhoun against M. L. Dekle alleges in substance that a tenant of the plaintiff was indebted to him for rent and other claims for which the plaintiff had a statutory lien superior to all others upon certain cotton produced by the tenant on plaintiff's land; that the defendant took possession of the property and converted the same to his own use and benefit, thereby depriving plaintiff of his statutory lien for which damages were claimed. Judgment was rendered for the plaintiff and on writ of error it is urged that the declaration does not state a cause of action.

If a declaration fails to allege substantive facts that are essential to a right of action the trial court or the appellate court may take notice of such fatal defect and make proper

disposition of the cause. Hall v. N. & S. Co., 55 Fla.; 242; Capital City Bank v. Hilson, 59 Fla. 215 and Strong & Trowbridge v. Baars decided this term.

At the common law the action of trover and conversion can be maintained only by one who had at the conversion a general or special ownership or interest in the property with the present right of possession. See 28 Am. & Eng. Ency. Law (2nd ed.) 657 *et seq.*

A lien-holder with possession may maintain an action for the conversion of the property. See 21 Ency. Pl. & Pr., 1047; 13 Ency. Pl. & Pr., 168.

One who has merely a lien upon chattels without any right to their possession cannot maintain trover for their conversion. A landlord cannot maintain trover for the conversion of agricultural products by reason of his statutory lien on them for rent. 28 Am. & Eng. Ency. Law (2nd ed.), 662; Folmar v. Copeland, 57 Ala., 588; 13 Enc. Pl. & Pr., 169.

The common law forms of action have not been abolished in this State as in Merchants' & Planters' Bank v. Meyer, 56 Ark., 499, 20 S. W. Rep., 406. Our statute gives the form of an action for conversion and limits it to the conversion of "plaintiffs' goods." Section 1450 Gen. Stats. of 1906.

No right in the property other than a mere statutory lien without immediate right of possession is shown by the plaintiff and he cannot on that right alone maintain this action for conversion.

The Judgment is reversed.

TAYLOR, SHACKLEFORD, HOCKER and PARKHILL, J. J., concur.