HOWARD SYLVESTER, *Plaintiff in Error,* v. J. LICHTENSTEIN, *Defendant in Error.*

1. A declaration in an action at law which simply alleges in effect that the plaintiff agreed to work for the defendant for a stipulated compensation, and does not allege that the defendant agreed to employ the plaintiff, but, only that *if* the defendant did employ the plaintiff his compensation should be a stated sum, may fail to state a cause of action against the defendant.

2. A declaration in an action at law should, by direct allegations, or by fair inference from its direct allegations, contain all the essentials of a cause of action.

3. Where a declaration in an action at law fails to allege substantive facts that are essential to a right of action the trial court or appellate court may take notice of such fatal defect and make proper disposition of the case, even though the sufficiency of such declaration is not tested by demurrer.

4. A demurrer to pleas reaches back to the declaration, and if the declaration is defective in substance the judgment of the court below in overruling a demurrer to the pleas must be held to be correct.

5. Where pleas are responsive to the declaration as framed, no error is committed in overruling demurrers to such pleas.

This case was decided by Division A.

Writ of error to the Circuit Court for Gadsden County.

The facts in the case are stated in the opinion of the court.

*W. H. Ellis* and *F. T. Myers,* for Plaintiff in Error;

*Y. L. Watson* and *T. L. Clarke,* for Defendant in Error.

SHACKLEFORD, J.—The plaintiff in error instituted an action at law against the defendant in error in which it was sought to recover on a contract for personal services to be rendered to the defendant by the plaintiff, but which services were not so rendered by reason of the fact that the defendant failed and refused to employ the plaintiff, in accordance with the terms and provisions of the contract. The original declaration was filed on the first day of February, 1909, and the contract upon which the action was based was attached thereto but not made a part thereof.

On the first day of March, 1909, the defendant filed four pleas. On the first day of April, 1909, the plaintiff filed an amendment to his declaration, and on the 11th day of such month filed an additional count to the declaration, referred to as the second count, which is as follows:

"And for that, heretofore, to-wit: On the 29th day of January, A. D. 1907, the plaintiff and defendant entered into a written agreement whereby the plaintiff contracted and agreed in case he should decide to sell his interest in the Lichtenstein Florida Tobacco Co., as per contract in articles of agreement in the formation of the said Lichtenstein Florida Tobacco Co., to work for the said J. Lichtenstein for four years from the date of the sale of his stock, as aforesaid. And the said defendant did thereby agree to pay to the plaintiff a salary of $3,000.00 per year to be paid monthly at the rate of $250.00 per month, and guaranteed to the plaintiff one cent per pound on all wrappers, (meaning thereby tobacco wrappers for the manufacture of cigars) which the plaintiff should grow and should buy for the said defendant; and did guarantee that the commissions on the growing and buying of such wrappers should not be less than $2,000.00 per year, and that in case the commissions for any year should not amount to $2,000.00 the said defendant should make up the deficiency, but should the commissions for any year amount to more than $2,000.00, the deficit, if any, for any other years should be deducted from the same so as to make an average of at least $5,000.00 per year; and that should the plaintiff make more than $5,000.00 a year he had the privilege so to do.

And the said plaintiff did at the end of one year from the date of the granting of the charter of the said Lichtenstein Florida Tobacco Co., became dissatisfied, and did

then and there offer for sale his stock in the said Lichtenstein Florida Tobacco Co. to J. Lichtenstein & Company in accordance with his contract as aforesaid in the articles of agreement in the formation of the said Lichtenstein Florida Tobacco Co. That the defendant and the said J. Lichtenstein & Company did then propose to the said plaintiff that the plaintiff should receive from the Lichtenstein Florida Tobacco Co. certain real estate and chattels for the plaintiff's stock in said company in lieu of the $15,000.00 which the said J. Lichtenstein & Company had by said agreement agreed to pay the plaintiff, and that the plaintiff should sell his stock in the said Lichtenstein Florida Tobacco Co. to said company on the first day of September, A. D. 1908. That the plaintiff did then at the suggestion and request of the defendant and of J. Lichtenstein & Company agree to sell his stock in the said Lichtenstein Florida Tobacco Company to said company, and receive in payment therefor certain real estate and personal property. And the plaintiff, pursuant to said last mentioned agreement, did on the first day of September, A. D., 1908, sell, transfer and assign to the Lichtenstein Florida Tobacco Co. all his right, title, interest and stock in the said company, amounting to $10,000.00 of the capital stock of said company, in consideration of the transfer and conveyance to him by the company of the real and personal property aforesaid, and the plaintiff did thereupon notify on the 1st day of September, A. D., 1908, the said J. Lichtenstein that according to the contract aforesaid entered into between the plaintiff and defendant, the plaintiff awaited the orders of the defendant under the terms of the said agreement. And the plaintiff was then and has ever been ready and willing and able to perform his part of the said contract, and to enter the service of the said defendant as agreed,

but the defendant has failed and refused to employ the plaintiff, or to pay him the agreed compensation of $250.00 per month for the months from September 1st, 1908, to January 1st, 1909.

Wherefore the plaintiff sues and claims $3000.00 damages."

The first plea of the defendant was ultimately withdrawn, and the second, third and fourth pleas, which were permitted to stand as pleaded to the amended declaration, in accordance with the provisions of section 1434 of the General Statutes of 1906, are as follows:

"And for second plea defendant says:

2. That he did not contract and agree to employ plaintiff at a salary as alleged in his declaration, in case the plaintiff should decide to sell his interest in the Lichtenstein Florida Tobacco Company as to any contract entered into between the said plaintiff and the said Lichtenstein Tobacco Company, as in said declaration alleged.

And for a third plea defendant says:

3. That the plaintiff did not decide to sell and did not sell his interest in the Lichtenstein Florida Tobacco Company as per contract in the articles of agreement in the formation of the said Lichtenstein Florida Tobacco Company.

And for a fourth plea the defendant says:

4. That on the 26th day of January, A. D. 1907, in articles of agreement in the formation of the said Lichtenstein Florida Tobacco Company, and before a charter was granted to the said company, an agreement of writing was entered into between Sylvester Tobacco Company, a corporation, Howard Sylvester (the plaintiff), T. Palmer Sylvester and R. D. Sylvester, as parties of the first part, and J. Lichtenstein & Company of the State of

New York, as parties of the second part, wherein among other things it was agreed as follows:

'If at the end of one year from the granting of the charter of the said Lichtenstein Florida Tobacco Company, the said Howard Sylvester (the plaintiff), R. D. Sylvester, and T. Palmer Sylvester are dissatisfied, the said J. Lichtenstein & Company will pay to each of them the sum of $15,000.00 for his stock' which said provision in said agreement is the contract referred to or intended to be referred to, by plaintiff in his declaration respecting the sale and purchase of the plaintiff's interest in the said Lichtenstein Florida Tobacco Company. But defendant says the plaintiff did not decide to sell and did not sell his stock or interest in said Lichtenstein Florida Tobacco Company to said J. Lichtenstein & Company, as per said contract, and plaintiff's said stock or interest was not bought by said J. Lichtenstein & Company."

On the 24th day of October, 1910, the plaintiff interposed the following demurrer to the pleas:

"Now comes the plaintiff in the above entitled cause by his attorneys and says that the second plea of the defendant is bad in substance and for cause of demurrer says:

1st. That said plea is not responsive to either count of the declaration.

2nd. That said plea constitutes no defense to either count of the declaration.

3rd. The declaration does not declare upon any contract alleged to have been entered into between the plaintiff and the Lichtenstein Tobacco Company.

And the plaintiff says that the third and fourth pleas of the defendant in so far as they are pleas to the second count of the declaration are bad in substance and for cause of demurrer shows:

1st.   That said pleas are not responsive to the second count of the declaration and constitute no defense thereto.

2nd.   Said pleas do not deny any of the essential aver- ments of the said count of the declaration nor allege any matter in avoidance thereof."

On the same day that the demurrer was filed the court made an order sustaining the demurrer as to the second plea and overruling it as to the third and fourth pleas. This order forms the basis for the first two assignments. On the 24th day of October, 1910, the defendant filed the following pleas:

"Now comes the defendant by his attorneys, and leave of the court first had and obtained, and for a fifth plea and for plea to additional count filed as an amendment to plaintiff's declaration, says:

That prior to the end of one year from the date of the granting of the charter of Lichtenstein Florida Tobacco Company, and prior to the date when plaintiff alleges he became dissatisfied and offered for sale his stock in said Lichtenstein Florida Tobacco Company, and to-wit: On the 11th day of March, A. D. 1907, by a written agree- ment entered into between Howard Sylvester and R. D. Sylvester of the first part and Julius Lichtenstein & Com- pany of the second part, the time when the said J. Lich- tenstein & Company obligated themselves to purchase the stock of the said plaintiff in the Lichtenstein Florida To- bacco Co. was extended from one year as provided in the articles of agreement in formation of the Lichtenstein Florida Tobacco Company, to the end of three years from the date of the granting of the charter of the said Lichten- stein Florida Tobacco Company, and the said paragraph in the articles of agreement in the formation of the Lich- tenstein Florida Tobacco Company was amended so as to read as follows: 'If at the end of three years from the

date of the granting of the charter of the Lichtenstein Florida Tobacco Company, the said Howard Sylvester and R. D. Sylvester were dissatisfied, the said J. Lichtenstein & Company will pay to each of them, the sum of fifteen thousand dollars for his original stock and the stock purchased from T. Palmer Sylvester, and to guarantee the payment of the same, and said J. Lichtenstein & Company agree to deposit with Quincy State Bank two hundred shares of the Lichtenstein Florida Tobacco Co. belonging to J. Lichtenstein & Co. in trust for the purpose of pay the said price for the stock of Howard Sylvester and R. D. Sylvester.

That by said agreement, the said J. Lichtenstein & Company were released from any obligation to purchase said stock of the plaintiff until the end of three years from the date of the granting of the charter of the Lichtenstein Florida Tobacco Company, and defendant was thereby relieved and released from any obligation to employ the plaintiff under the alleged agreement entered into between the plaintiff and defendant on the 29th day of January, A. D. 1907, as set forth in plaintiff's declaration.

And for sixth plea, defendant says:

That in consideration of the transfer and conveyance of the real and personal property as mentioned in plaintiff's amended declaration, the plaintiff parted with all his right, title and interest of every kind and character in the Lichtenstein Florida Tobacco and released and discharged said company and J. Lichtenstein & Company, and this defendant from any and all obligations arising out of the several written agreements mentioned in plaintiff's declaration, and plaintiff's claim against this defendant if any he had by reason of the premises

set out in his declaration was thereby released, cancelled, satisfied and discharged."

On the 27th day of October, 1910, the plaintiff interposed the following demurrer to such pleas:

"Now comes the plaintiff in the above entitled cause by his attorneys and says that the fifth and sixth pleas of the defendant are bad in substance and for cause of demurrer shows:

For demurrer to the fifth plea the plaintiff states the following matter of law to be argued:

1st. That the alleged amendment of the agreement in the formation of the Litchtenstein Florida Tobacco Company extending the time when the said J. Lichtenstein & Company obligated themselves to purchase the stock of the plaintiff in the Lichtenstein Florida Tobacco Company from the end of one year to the end of three years from the date of granting its charter does not constitute a release of the contract for the employment of the plaintiff by the defendant on the contract sued upon.

2nd.    The declaration alleging the assignment and transfer of plaintiff's stock to the Lichtenstein Florida Tobacco Company at the request of J. Lichtenstein and Company shows a waiver on the part of J. Lichtenstein and Company of the right to postpone the purchase of said stock until the end of three years.

For demurrer to the sixth plea the plaintiff states the following matters of law to be argued:

1st.    That the said plea does not set forth any facts constituting a release by the plaintiff to the defendant of the contract declared upon.

2nd.    That said plea does not show any consideration for the alleged release by the plaintiff to the defendant of the contract sued upon.

3rd.  That said plea is not responsive to the declaration.

4th.  The declaration alleges that the plaintiff sold, transferred and assigned to the Lichtenstein Florida Tobacco Company all his right, title, interest and stock in said company in consideration of the transfer and conveyance to him by the company of the real and personal property mentioned therein, but said plea does not show that for the same consideration the plaintiff also cancelled, satisfied and discharged his claim against the defendant."

On the 27th day of October, 1910, the defendant filed his seventh plea, and on the same day the plaintiff joined issue thereon, as also upon the first plea, and at the same time abandoned the first count of his declaration and renewed his demurrers to the defendant's third, fourth, fifth and sixth pleas. On the next day the defendant withdrew his first and seventh pleas, and on the same day the following judgment upon the plaintiff's demurrer to the pleas was rendered by the court:

"This cause coming on to be heard upon the plaintiff's demurrers to the defendant's third (3), fourth (4), fifth (5) and sixth (6) pleas to the plaintiff's declaration, being the second count of the declaration as amended, the first count having been withdrawn by plaintiff, and having been argued by counsel:

It is therefore, considered and adjudged by the court that the said demurrers and each and every of them to each and every of the said pleas be and the same is hereby overruled.  And the defendant by leave of the court having withdrawn his first (1) and seventh (7) pleas to the plaintiff's said declaration, and the plaintiff having declined to make further reply to defendant's third (3),

fourth (4), fifth (5) and sixth (6) pleas, but electing to stand on his demurrers thereto;

It is therefore considered and adjudged by the court that the plaintiff have nothing by his said plaint and that the defendant go hence without day, and further that the defendant have and recover of the plaintiff his costs in this behalf expended to be taxed by the clerk."

The remaining assignments of error, five in number, are all predicated upon this order and judgment.

We see no useful purpose to be accomplished in discussing the assignments separately, so shall treat them together. It will be observed that the second count of the declaration, the defendant's third, fourth, fifth and sixth pleas, the respective demurrers thereto and the orders and judgments of the court thereon, which we have copied above, are all that are before us for consideration.

It would seem that this case is another exemplification of some of the defects and evils of our system of pleading and practice which we had occasion to point out and discuss somewhat in Seaboard Air Line Ry. v. Rentz, 60 Fla. 429, 54 South. Rep., 13, and we would refer to what we said therein. We held that "the object of judicial proceedings is to ascertain and to decide upon disputes between parties. In order to do this, it is indispensable that the point or points in controversy be evolved and distinctly presented for decision. The pleadings in an action at law are designed to develop and present the precise points in dispute, and they should be characterized with certainty, clearness and conciseness. The administration of justice is a practical affair, and the pleadings should not be converted, or rather perverted, into logomachies or logic-chopping." We have given the respective pleadings of the parties litigant in this case our careful consideration, and have availed ourselves of all the light thrown

thereon by the contract, attached to the original declaration, and the briefs of counsel. Even so, we have had difficulty in understanding the points intended to be presented for adjudication. We find ourselves somewhat at a loss to gather from the allegations of the declaration just wherein the defendant is liable to the plaintiff. Construing the second count of the declaration, the only one left standing, it would seem to charge in effect simply that the plaintiff agreed to work for the defendant for a stipulated compensation, but it does not allege that the defendant agreed to employ the plaintiff, but only that *if* the defendant did employ the plaintiff his compensation should be a stated sum. It may be that the declaration fails to state a cause of action, but the defendant did not see fit to test the sufficiency of the same by demurrer, therefore he may have seen something in it which is not apparent to us. Reddick v. Mickler, 23 Fla., 335, text 338, 2 South. Rep., 698, text 699. We have repeatedly held that a declaration in an action at law should, by direct allegations, or by fair inference from its direct allegations, contain all the essentials of a cause of action. German-American Lumber Co. v. Brock, 55 Fla., 577, 46 South. Rep., 740; Leynes v. Tampa Foundry and Machine Co., 56 Fla., 488, 47 South. Rep., 918; United States Fidelity & Guaranty Co. v. District Grand Lodge No. 27, 58 Fla., 373, 50 South. Rep., 952. We have likewise held that if a declaration fails to allege substantive facts that are essential to a right of action the trial court or appellate court may take notice of such fatal defect and make proper disposition of the cause. Hall & Pope v. Northern & Southern Co., 55 Fla., 242, 46 South. Rep. 178. It is further true that a demurrer to pleas reaches back to the declaration, and if the declaration is defective in substance the judgment of the court below in overrul-

ing a demurrer to pleas must be held to be correct. Kirton v. Atlantic Coast Line R. Co., 57 Fla., 79, 49 South. Rep., 1024. Also see Capital City Bank v. Hilson, 59 Fla., 215, 51 South. Rep., 853. The application of these principles might well prove decisive of the points presented to us for determination. We are of the opinion that the pleas called in question are responsive to the declaration as framed and that no error was committed in overruling the demurrers thereto. We are further of the opinion that the plaintiff has failed to make the errors complained of clearly to appear, as it was his duty to do. McKinnon v. Lewis, 60 Fla., 125, 53 South. Rep., 940, and authorities there cited. It necessarily follows from what we have said that the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.