J. H. RITCH, *Plaintiff in Error*, v. PARK H. ADAMS, *Defendant in Error*.

136 So. 719.

En Banc.

Opinion filed September 19, 1931.

*E. M. Johns* and *Thomas W. Fielding,* for Plaintiff in Error;

*Scofield & Scofield,* for Defendant in Error.

ANDREWS, COMMISSIONER:—This cause is here upon writ of error to the Circuit Court of Citrus County to review the proceedings and judgment entered in favor of Park H. Adams as plaintiff below and against plaintiff in error as defendant below. The cause was by agreement tried without a jury before the court, and after the court made his findings motions for a new trial were filed by each party to the suit, and each denied; thereupon defendant Ritch took writ of error, and filed several assignments of error.

It is also observed that Adams filed cross-assignments of error. It should be here stated that this Court has said:

"We have no statute or rule of court that authorizes or permits the filing and consideration of cross-assignments of errors in common-law actions." Wilder

v. Punta Gorda State Bank, 100 Fla. 517, 129 So. 856.

The cause of action in this case is based upon a real estate purchase contract. By the pleadings and exhibits it is shown that plaintiff Adams, a resident of Citrus County, by a contract dated August 6, 1925, purchased from Comer L. Peek (since deceased) and J. H. Ritch, residents of Bradford County, a 600-acre tract of land lying in Bradford and Clay counties, at a price of $50.00 per acre paying $500.00 at the time of executing the contract and $2000.00 thirty days thereafter; the balance of the cash payment of $10,000.00 to be made within 10 days after title is perfected and upon the delivery of a warranty deed to purchaser, at which time the remaining 2/3 of the purchase price was to be paid by three notes secured by a mortgage on the property.

The portion of the contract more particularly involved here provides that

"Within twenty days after delivery of such *abstract* to the vendee; the vendee will cause said abstract to be examined and also report to the vendors their findings on same. Should title prove merchantable the vendee shall take the said land; If title is not found to be good the vendee shall have the option of taking such title as may be shown by the abstract but the vendors shall have ninety days if necessary to perfect the title, after the report of the vendee to the vendors of their findings on the abstract. If during said ninety days the vendors shall fail to show satisfactory and sufficient title to said land, the said vendors shall refund all payments herein recited as having been paid."

The declaration further alleges in substance, that defendants submitted their abstract of title which was examined by plaintiff's counsel who found said title not to be good and sufficient and therefore unmerchantable, and that "defendants wholly failed to make their title good, sufficient and merchantable within said 90 days;" that on February 9, 1926, plaintiff notified defendants

that he could not accept the title and demanded the defendants return to him the $2500.00 which plaintiff had paid.

The first question presented for review by plaintiff in error is as to whether or not the trial court committed reversible error in granting plaintiff's motion to strike the "amended plea of privilege" to be sued in their resident county of Bradford interposed by defendants to the cause of action which was brought in Citrus County.

The trial court in his order states that the motion of plaintiff to strike the amended plea of privilege of defendants was granted upon the grounds that said plea of privilege "has no proper beginning or conclusion and does not contain a prayer for judgment or that the suit be abated."

The general rule which obtains in this State is that:

"A correct ruling of the trial court will not be disturbed by an appellate court because of erroneous or wrong reasons which may have been given therefor, as it is with the ruling itself and not with the reasons therefor, with which an appellate court is concerned. If a demurrer to a bill in equity should have been sustained on any of the grounds thereof, it is wholly immaterial that the trial court may have given a wrong reason for a proper ruling." Murrell v. Peterson, 57 Fla. 480, 49 So. 31. The same rule necessarily applies to motions to strike.

The defendants' amended plea of privilege reads as follows:

"The several and separate plea of privilege by J. H. Ritch and Comer L. Peek to the new declaration filed in this cause, which is filed by leave of Court under order dated June 1st, 1927, and for said plea the said J. H. Ritch and the said Comer L. Peek severally and separately say:

"1. When this cause of action was brought neither J. H. Ritch nor Comer L. Peek was a resident of Citrus County, Florida, and neither of them was a resident of the said county when the supposed cause of action

accrued, and neither ever has been a resident of said county, and neither was served with process in said county in said supposed action, but both J. H. Ritch and Comer L. Peek resided in Bradford County, Florida, when this cause of action was brought and when the supposed cause of action accrued, and both now reside in said Bradford County, and both were served with process in said action in Bradford County, Florida; and the said several supposed causes of action sued upon, as the same are declared upon and are set out in the new declaration, and as in and by said declaration they appear, did not accrue in said Citrus County, Florida, but the said supposed several causes of action accrued only in Bradford County, Florida, if they anywhere accrued; and the lands that are described in said new declaration in this action are situated in the counties of Bradford and Clay, in the State of Florida, and none of said lands are situated in Citrus County, Florida.''

It is observed that the plea alleges (1) that both defendants are residents of Bradford County, and that neither is now or ever has been a resident of Citrus County where suit was filed, and that neither was served with process in Citrus County (2) that the alleged cause of action did not accrue in Citrus County, but in Bradford County, if at all, (3) that the lands in controversy as described in the cause of action are situated in the Counties of Clay and Bradford where defendants reside and none are situate in Citrus County where suit was filed.

Reverting first to the reasons assigned by the trial court for granting the motion to strike that the plea was defective because it does not contain a proper beginning nor conclusion, nor prayer for judgment or that the suit abate, it is observed that Section 4325, Compiled General Laws of Florida, 1927, with reference to actions at law in this State, provides that ''No formal defense shall be required in a plea, and it shall commence as follows or to the like effect: The defendant by .... his attorney (or in person) says that (here state the defense); * * *

and no formal conclusion shall be necessary to any plea or subsequent pleading.''

The plea in the instant case commences: ''And for said plea the said J. H. Ritch and the said Comer L. Peek, severally and separately, say:'' etc., and it has no formal conclusion.

Section 4290, Compiled General Laws of Florida, 1927, provides that ''In any plea or subsequent pleading, it shall not be necessary to use * * * any prayer for judgment.''

Formal beginnings and conclusions of pleas in abatement may not be required under statutes abolishing formality of pleas. 49 C. J. 184, 185, Secs. 205-208; 6 Ency. Pl. & Pr. 666.

> ''Pleas in abatement were originally divided into three kinds, viz.: to the jurisdiction of the court; to the disability of the parties plaintiff or defendant; and in abatement of the writ of declaration.'' 1 Ency. Pl. & Pr. 3.

While this Court has held that ''a plea of privilege to the venue is a plea in abatement'' (McLendon v. Lurton-Hardaker Co., 83 Fla. 263, 91 So. 113; Bishop v. Camp, 39 Fla. 517, 22 So. 735), yet it appears that the rule requiring a strict construction of pleas in abatement as such does not apply to pleas of privilege, even though a plea of privilege partakes more or less of the nature of a plea in abatement. 1 C. J. 32-33; Andrew's Stephens on Pleading, 141, 142. The courts, under our statutes, should look to the substance rather than the form in which the plea is couched.

The rule therefore that ''correctness of form is matter of substance and any defect of form is fatal'' (McLeod v. Citizens Bank of Live Oak, 61 Fla. 350, 56 So. 190) does not apply with such strictness to pleas of privilege of defendants to be sued in their resident county where authorized by statute.

A plea of privilege to be sued in the resident county

of defendants, strictly speaking, is not a plea either to the jurisdiction of the court nor a plea in abatement as known at common law. In fact under the law of this State the process of a circuit court runs throughout the State and when correct as to form service duly made thereon is not voidable (Secs. 4234-4235), Compiled General Laws of Florida, 1927) when served on a defendant even in another county than where suit is brought.

> "A plea in abatement is one which sets out a ground for abating the writ or declaration, and asks that this be done. Such pleas are based upon defects or mistakes either in the writ itself or in the manner in which the declaration follows it." 6 Ency. Pl. & Pr. 666.

Neither the writ, its service, nor the declaration in the instant case are subject to an attack for defects or mistake by a plea of privilege as such a plea under the statutes of this State are allowed to abate the suit only to the extent of having the suit litigated in the resident county of defendants.

> "Where, by statute, an action is required to be brought in a particular county or district, according to the residence of the parties, the situation of the subject matter, the place where the cause of action arose, or other circumstances, and it is brought in the wrong county or district, this, in most jurisdictions, is ground of abatement for want of jurisdiction." 1 C. J. 33, Sec. 20; citing E. O. Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 So. 507.

In the last-cited case it was held that under Section 4219, Compiled General Laws of Florida, 1927,

> "A plea of the statutory right or privilege to have an action brought against a natural person begun in the county where he resides is a plea in abatement, but it is not a denial of the jurisdiction of the court over the person of the defendant. It avers a right or privilege to have the action begun in another county named in the plea."

and that

"A defendant, a natural person, has right to have an action that is brought against him begun in the county where he resides, unless the cause of action accrued in another county of the state, or unless the property in litigation is in another county of the state." See also Andrews' Stephens on Pleading, 141-142.

In the case of Nettles v. Gulf Fertilizer Co., 78 Fla. 490, 83 So. 298, it was held that

"A plea of privilege goes to the venue and not merely to the propriety of the service of the process on defendant."

and

"If the suit is not brought in the county where the cause of action accrued or where the property in litigation is, or in the county where one of the defendants resides, service of process on a defendant in another county in which he 'is to be found' is not authorized by the statute; and a defendant may insist on his privilege of being sued in the proper county."

A plea setting up the defendant's right to be sued in the county of his residence which is different from that in which the action is pending should certain specific averments as to the place where the cause of action accrued, and show such degree of certainty as to exclude the idea that the cause of action may have accrued in the county where the action was brought. Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. 517.

It was also held in the above case of Nettles v. Gulf Fertilizer Co., that

"Where a person residing in one place makes a proposal to purchase property by letter to a person residing in another place, and such proposal is there accepted, the place of acceptance, and not the place of proposal, is the place of the contract." See also Sanchez v. Haynes, 35 Fla. 619, 18 So. 27. See also 27 R. C. L. 786, 787, Sec. 9.

In the instant case the contract upon which the action is brought is a bilateral one and it purports upon its face

to have been executed on August 6, 1925. There is no proof as to where the proposal to purchase was made or accepted nor as to where the contract was signed. It purports to have been acknowledged by defendants Peek and Ritch at Stark, in Bradford County, on August 7, 1925, and by Adams at Crystal River, Citrus County, on August 10, 1925.

The plea of privilege in the instant case alleges that the causes of action "accrued only in Bradford County, Florida, if they anywhere accrued;" and that they "did not accrue in said Citrus County."

We fail to find any facts or conditions in the whole transaction that would justify the court in striking the plea of privilege of defendants to be sued in the County of Bradford where it is shown that both defendants resided, where the property involved is situated, and where it is alleged the cause of action accrued.

The plea certainly should not have been denied upon the mere ground stated in the order that the plea of privilege has no proper beginning or conclusion or prayer for judgment or that suit abate. Secs. 4322, 4325, Compiled General Laws of Florida, 1927.

The trial court having committed error in granting the motion of plaintiff to strike the defendants' plea of privilege it becomes unnecessary to consider the other assignments raised by this appeal.

Judgment reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the judgment of the court below be, and the same is hereby reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.