G. L. PRINCE, *Plaintiff in Error*, vs. J. RAY ARNOLD LUMBER CORPORATION OF OLUSTEE, a corporation, *Defendant in Error*.

141 So. 172.

Division B.

Opinion filed April 29, 1932.

*O. K. Whitfield* and *John L. Nixon*, for Plaintiff in Error;

*McKay, Withers & Ramsey*, for Defendant in Error.

WHITFIELD, P.J.—In an action brought in Duval County to recover damages for personal injuries alleged to have occurred in Baker County, the defendant domestic corporation filed the following plea of privilege:

"And now comes the defendant in the above entitled cause and for a plea of privilege says that it is a corporation duly incorporated under the laws of the State of Florida, and in its certificate of incorporation its principal place of business is fixed at Groveland, in Lake County, Florida; that it keeps an office for the transaction of its customary business at Olustee, in Baker County, Florida, and that the cause of action in this suit accrued in Baker County, Florida, and not in Duval County, Florida; that it does not keep and never has kept an office for the transaction of its customary business in Duval County, Florida, WHEREFORE said defendant claims the privilege to be sued

in Lake County, Florida, where it keeps its principal office or in Baker County, Florida, where it keeps an office for the transaction of its customary business, and prays judgment of the court as to whether or not it should be required to plead further in this cause.''

The plea was sworn to by the president of the defendant company.

A motion to strike the plea was denied and the plaintiff required to file his replication by a given day. Thereafter the Court rendered the following judgment:

"The above entitled cause having been heard on motion of the Plaintiff to strike Defendant's plea of privilege filed in the above entitled cause, and after argument of counsel the Court having denied said motion, and Plaintiff having declined to join issue on said plea of privilege or to plead further herein, it is thereupon

CONSIDERED, ORDERED AND ADJUDGED that the declaration in the above entitled cause be quashed and the foregoing action abate and that the Defendant recover of and from the Plaintiff its reasonable costs.''

The plaintiff took writ of error.

Section 4222, Compiled General Laws, 1927, provides:

"Suits against domestic corporations shall be commenced only in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is; and in the case of companies incorporated in other States or Countries, and doing business in this State, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated.''
(Ch. 1639, Acts of 1669, par. 24, as amended by Ch. 5221, Acts of 1903).

Even if the plea be not technically and formally correct it is in substance and effect sufficient as a plea of

privilege, under the applicable statutes and Rules. of practice in force in this State. See Ritch vs. Adams, 102 Fla. 983, 136 Sou. Rep. 719.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.