THE HOMESTEAD FIRE INSURANCE CO. v. ANDIAN CORPORATION.

164 So. 187.
Opinion Filed September 16, 1935.
Rehearing Denied December 5, 1935.

*Smith, Smith & Bloodworth* and *Batchelor & Rinehart,* for Plaintiff in Error.

*Earnest & Lewis,* for Defendant in Error.

TERRELL, J.—In November, 1933, the defendant in error as complainant brought a common law action against the plaintiff in error as deefndant to recover on a policy of

windstorm insurance. The declaration was in the statutory form and the policy was by apt words attached to and made a part of it. Pleas in abatement to the declaration went out on demurrer. Pleas in bar were entered to which replications were filed and the cause went to trial on the issues raised by the replication to the pleas in bar. The trial resulted in a verdict and judgment for the plaintiff to which the present writ of error was prosecuted.

Several questions are argued here but the only one necessary to answer is whether or not the trial court erred in sustaining the demurrer to the plea in abatement.

The pertinent part of the plea in abatement is as follows:

"By the terms of the policy sued on, it is expressly provided that the Defendant shall have thirty days after the furnishing of the proof of loss, required by the policy to be furnished to the Defendant by the Plaintiff, in which to exercise the option to repair the damage done by the alleged windstorm, and yet so it was that the Defendant was denied the right to exercise said option within said thirty days period, for the reason that the said proof of loss was furnished on, to-wit, the 3rd day of November, 1933, and this action was brought on the 7th day of November, 1933, and within said thirty day period. It is further provided by the terms of said policy that no suit or action for the recovery of any claim thereunder shall be sustainable in any Court of Law or Equity, unless all of the requirements of said policy shall have been complied with."

Plaintiff in error contends that the cause should be abated because it was not given the thirty days allowed by the policy to determine whether it would repair the damage done by the windstorm or pay the loss in full as provided by the policy to the plaintiff. The insurance contract gave

the defendant this option and the plea in abatement properly raises the question.

Our conclusion is that the contention of the plaintiff in error is well grounded and that the trial court erred in sustaining the demurrer to the plea in abatement. The record discloses that the windstorm which caused the damage occurred September 3 and 4, 1933, the proof of loss was furnished November 3, 1933, as the policy provides, and the action was instituted on November 7, 1933, four days after proof of loss was furnished.

Defendant in error contends that the summons *ad respondendum* not having been included in the record it does not show that the action was brought within the thirty day period allowed defendant to· exercise its option, that the prayer of the plea is not sufficient, that the plea is not properly verified, that the substance of the plea is insufficient, and that the defendant had denied liability on the policy.

If there were affirmative showing in the record that the defendant had denied liability on the policy that would be sufficient to make the plea in abatement vulnerable to the assault made on it but the record proper makes no such showing. Price v. Sou. Home Ins. Co., 100 Fla. 338, 129 So. 748; Lincoln Fire Ins. Co. v. Hurst, 112 Fla. 350, 150 So. 722.

True, defendant's denial of liability was raised in the replication to the plea in bar but that part of the replication was properly stricken so that issue was not before the court at final disposition. The terms of the policy on this and other points were clear and unambiguous and not unreasonable and should have been observed.

This court is committed to the rule that pleas in abatement must be with certainty and definiteness but the plea in question sufficiently complies with that rule. It was not

necessary to include the summons in the record, nor was a formal prayer to the plea essential. Ritch v. Adams, 102 Fla. 983, 136 So. 719; Prince v. J. Ray Arnold Lbr. Co., 105 Fla. 365, 141 So. 172. Other objections to the plea in abatement have been examined and found to be insufficient.

The fact that the plea in abatement was entered after the time for defendant to exercise his thirty day option is not material in this case. It was entered in due course and was a proper defense. The thirty day option was material to the defendant and bringing the action before its expiration not only cut off this right but was in clear violation of the terms of the policy. Other objections raised to the plea in abatement have been examined but found to be unavailing.

Under this disposition it becomes unnecessary for us to discuss other assignments. The judgment below is accordingly reversed.

Reversed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.