JACK P. POLAND and FRANK J. OCHSENFELD v. ANNIE P. COOPER, *et vir.*

197 So. 446
En Banc
Opinion Filed July 16, 1940
Rehearing Denied August 2, 1940

*Burton G. Henson* and *Rollo E. Karkeet,* for Plaintiffs in Error;

*J. W. Frazier, Jr.,* for Defendant in Error.

CHAPMAN, J.—The writ of error in this case was taken to a final judgment for the plaintiff below in the sum of $6,344.04 entered by the Circuit Court of Hillsborough County, Florida. The declaration is in three counts and

grew out of a written agreement of the parties dated July 26, 1937, about the chartering of the boat "M. V. Hilton," owned by the plaintiffs and chartered by the defendants. The defendants advanced $600.00 under the terms of the charter provisions and the sum was to be used in the repair of the "M. V. Hilton" so as to render it seaworthy. The $60.00 advanced was to be applied on the rents agreed to between the parties. The repairs were made and the $600.00 applied to the first five months' rent at the rate of $120.00 per month. The remaining seven months the rent was to be the sum of $150.00 each month, and the entire rental period was one year.

Other material provisions of the charter agreement are, viz.:

"Party of the first part further agrees to deliver said vessel to parties of the second part warranted to be free of all liens, liabilities and encumbrances and warranted to be in seaworthy, tight and staunch condition.

"Party of the second part agrees, upon satisfactory completion of the above listed installments, repairs, alterations and additions, to accept the boat in a seaworthy condition, and

"Equip it with the necessary life preservers, bedding, utensils, tools, supplies, spare parts, and/or stores, fuel, etc., required for the operation of said vessel, and

"Pay in advance the sum of Six Hundred Dollars ($600.00) against the charter of the vessel at a rate of One Hundred Twenty Dollars ($120.00) per month for the first five months and one hundred fifty dollars ($150.00) per month thereafter for a total period of time of one (1) year from date of acceptance, and

"Upon completion, cancellation, or forfeit of charter to return said vessel to the party of the first part in Tampa, Florida, in safe and sound condition and in a state of repair

and upkeep equivalent to that at the time of delivery, less normal wear, tear and depletion, and

"At all times to operate and care for the vessel in a safe and conservative manner, maritime hazards excepted, and maintain and care for said vessel during charter in an approved manner, and

"That no bills, liens or encumbrances will be incurred against said vessel during the period of this charter, and

"That upon completion of the above listed work and a sea trial to satisfactorily demonstrate same, to post an acceptable bond in the amount of Five Hundred Dollars ($500.00) guaranteeing the foregoing obligations."

The first count alleged that defendants breached the contract by failing to operate and care for the vessel in a safe and conservative manner but permitted the same to lapse into a bad state of disrepair and when on a voyage in an unseaworthy condition the same sank off the coast of Florida. The defendants abandoned and sought to return the vessel in its sunken condition, but plaintiffs refused its return except by the terms of the contract, and the "M. V. Hilton" was a total loss.

The second count alleged that on August 24, 1937, the "M. V. Hilton" was seaworthy, tight and staunch when defendants took possession thereof and the contract between the parties required the defendants to maintain and care for the vessel in an approved manner and to return the same to the plaintiffs in as safe and sound condition as when received, but defendants breached their contract duty and as a result the vessel became unseaworthy and foundered off the coast of Florida, a complete loss to the plaintiffs.

The third count alleged that the defendants negligently operated the vessel in an unseamanlike manner at a time when unseaworthy and as a result the vessel foundered and

was abandoned by the defendants and was a complete loss to the plaintiffs.

Plaintiffs filed suit in the Circuit Court of Hillsborough County, Florida, and process was served on the defendants in Dade County, Florida. The defendants filed a plea in abatement asserting the privilege of being sued in Dade County. The record fails to show that the defendants swore to the plea as required by the statute. The plea is, viz.:

"Comes now the defendants, Jack P. Poland and Frank J. Ochsenfeld, by Rollo E. Karkeet, their attorney, and pray judgment of the writ and declaration, and that the same may be quashed because these defendants say: That at the time of the institution of this suit and at all times thereafter, the defendants herein have resided and still reside in the County of Dade and State of Florida; and that the defendants were found and served with process in this cause in the County of Dade and State of Florida, and not elsewhere; and that the supposed cause of action upon which this cause is based did not accrue in Hillsborough County, Florida, but said supposed cause of action accrued in Dade County, Florida, where the defendants reside; in that said cause of action is based upon the following transaction, to-wit:

"That this cause of action is for and on account of an alleged breach of contract, whereby the defendants chartered a motor vessel from the plaintiff, which was alleged to have been in seaworthy condition, and took possession of the same on the 24th day of August, 1937, agreeing to maintain the vessel during charter in an approved manner and return the vessel on completion or abandonment of contract, maritime hazards accepted; that the consideration for the charter of said vessel was paid in advance through the month of January, 1938. That on the 15th day of December, 1937, the aforesaid vessel encountered a storm off the coast of Cuba, which opened the seams of said vessel and caused said vessel

to sink near Cary's Fort Reef, off the coast of Florida on the 18th day of December, 1937; that the plaintiff was notified of the location of the vessel and that the defendants had renounced and abandoned the contract. Wherefore, the defendants say that they are residents of Dade County, Florida, and that the cause of action, if any, accrued in Dade County, Florida, upon the abandonment of the contract by the defendants in Dade County, Florida, and that the property in litigation is located off the coast of Dade County, Florida; and so the cause of action, if any exists in this suit, accrue to Dade County, Florida, and not in Hillsborough County, all of which matters and things the defendants are ready to verify.

"WHEREFORE, the defendants pray judgment of the writ and declaration and that the same be quashed."

A demurrer by the plaintiff was directed to the plea in abatement on the grounds: (a) the plea sets forth no ground for abatement; (b) the plea fails to show that the cause of action accrued in Dade County; (c) the plea fails to show the cause of action did not accrue in Hillsborough County; (d) the plea fails to show the right of the defendants to be sued in Dade County; (e) the plea in abatement and the declaration affirmatively show the action accrued in Hillsborough County.

The cause was heard upon notice and on the 22nd of July, 1938, the lower court entered an order sustaining the demurrer to the plea in abatement. The legal sufficiency of the plea in abatement is presented here. The record fails to show that the plea was sworn to as required by Section 4318 C. G. L. Neither does the demurrer attack the plea on this ground nor does the order sustaining the demurrer recite the fact that the plea in abatement was not sworn to. The brief of counsel for plaintiff in erorr admits that the plea in

abatement was not sworn to, but the brief of counsel for defendants in error fails to discuss this feature of the plea.

This Court has considered the sufficiency of pleas in abatement in: Universal Credit Co. v. Beckwith, 126 Fla. 865, 172 So. 358; The Homestead Fire Ins. Co. v. Andian, 121 Fla. 356, 164 So. 187; Croker v. Powell, 115 Fla. 733, 156 So. 146; Prince v. J. Ray Arnold Lbr. Co., 105 Fla. 365; 141 So. 172; Whitaker v. Wright, 100 Fla. 282, 129 So. 889; Ritch v. Adams, 102 Fla. 983, 136 So. 719; Payne v. Ivey, 83 Fla. 436, 93 So. 143; Williams v. Peninsular Gro. Co., 73 Fla. 937, 75 So. 517; McLeod v. Citizens Bank of Live Oak, 61 Fla. 350, 56 So. 190; E. O. Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 So. 507.

The defendants below directed a demurrer to the declaration as a whole. The grounds of the demurrer are not directed to each of the three counts of the declaration. The grounds are: (a) the declaration fails to state a cause of action; (b) the declaration fails to allege that the plaintiffs owned the vessel "M. V. Hilton;" (c) the agreement sued upon excepts "maritime hazards" and the breach of the contract is a conclusion of the pleader. While it is true that counts 1, 2 and 3 fail to allege that the plaintiffs owned the vessel "M. V. Hilton," attached to the declaration is the written agreement of the parties and it is therein stipulated Annie P. Cooper, one of the plaintiffs, owned the vessel, and this agreement by appropriate language is made a part of counts 1, 2 and 3. It is possible that this allegation is sufficient. It was further agreed that the defendants would "at all times operate and care for the vessel in a safe and conservative manner, maritime hazards excepted, and maintain and care for said vessel during charter in an approved manner." The demurrer raises the point that the allegations of the declaration as a whole fail to negative the conclusion that the loss of the vessel was not due to maritime hazards.

It is alleged that the vessel was lost at sea and the loss was caused by the defendants, but no appropriate allegations negative the loss of the vessel because of maritime hazards. It is possible that this is a matter of defense resting upon the defendants.

The ownership of the vessel "M. V. Hilton" must be shown in the plaintiffs prior to recovery as it is a material allegation, and while an inference exists that the same was owned by Annie P. Cooper, such a material allegation should clearly and definitely be alleged. The essentials of a cause of action should be directly alleged. In the case of Sylvester v. Lichtenstein, 61 Fla. 441, 55 So. 282, this Court said:

" * * * We have repeatedly held that a declaration in an action at law should, by direct allegations, or by fair inference from its direct allegations, contain all the essentials of a cause of action. German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Leynes v. Tampa Foundry & Machine Co., 56 Fla. 488, 47 South. Rep. 918; United States Fidelity & Guaranty Co. v. District Grand Lodge No. 27, 58 Fla. 373, 50 South. Rep. 952. We have likewise held that if a declaration fails to allege substantive facts that are essential to a right of action the trial court or appellate court may take notice of such fatal defect and make proper disposition of the cause. Hall & Pope v. Northern & Southern Co., 55 Fla. 242, 46 South. Rep. 178 * * *."

Counsel for defendants simultaneously with the filing of a demurrer to the declaration, filed a motion for a bill of particulars, viz.:

"Come now the defendants, Jack P. Poland and Frank J. Ochsenfeld, by their undersigned attorney, and respectfully represent and show unto the court that this is an action on a contract in which the plaintiffs seek to recover damages for the alleged negligent loss of property, but that the defendants cannot plead accurately to any of the counts of

the declaration filed herein, for that the plaintiffs have failed to file a Bill of Particulars, setting forth by item and amount the damages, if any, claimed by plaintiffs.

"WHEREFORE, the defendants pray for the entry of an order herein requiring the plaintiffs to file a Bill of Particulars to each of said counts, and relieving the defendants from pleading further pending the filing thereof."

This motion on hearing was by the lower court denied and the ruling is assigned as error in this Court. It is settled law that a motion for a bill of particulars is addressed to the sound discretion of the trial court and his ruling thereon will not be disturbed unless it plainly appears that there was an abuse of discretion. See Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225; Groves v. McLaurin, 66 Fla. 230, 63 So. 439.

The declaration has attached thereto a copy of the charter agreement signed by the parties. It is possible that this exhibit meets the requirements of Subsection (a) of Common Law Rule No. 16, but the value of the vessel does not appear in the agreement. The counts of the declaration value the vessel "M. V. Hilton" at the sum of $6,000.00, and further sum of $975.00 is alleged in each count to be due plaintiffs for six and one-half months' use of the vessel at the sum of $150.00 per month. These several items appearing in the form of a bill of particulars would have apprised the defendants below with exactness the amount or amounts demanded of them.

Pursuant to an order of court defendants filed ten pleas but failed or omitted to swear to the same as required by Section 4318 C. G. L., and the pleas are, viz.:

"1. That they are not guilty.

"2. And for a special plea and traverse, these defendants traverse and deny the allegation that the vessel 'Hilton' was

in a seaworthy, tight and staunch condition on the 24th day of August, 1937.

"3. And for a special plea, defendants say that the loss of the vessel was due to a maritime hazard.

"4. And for a special plea and traverse, these defendants traverse and deny the allegation that the vessel lapsed into a bad state of repair while in the possession of the defendants.

"5. And for a special plea and traverse, these defendants traverse and deny the allegation that the vessel was in an unseaworthy condition during the month of December, 1937.

"6. And for a special plea and traverse, these defendants traverse and deny that the plaintiffs did undertake to salvage the vessel.

"7. And for a special plea and traverse, these defendants traverse and deny the allegations that the vessel was of the value of Six Thousand ($6,000.00) Dollars in the month of December, 1937.

"8. And for a special plea and traverse, these defendants traverse and deny the allegations that they have renounced the contract alleged.

"9. And for a special plea and traverse, these defendants traverse and deny the allegations that they negligently operated and cared for the vessel in an unseamanlike manner.

"10. And for a special plea, defendants say that the vessel was not sailed out on a voyage in an unseaworthy condition to their knowledge. And if said vessel was in an unseaworthy condition it was due to latent defects known only to the plaintiffs, of which the defendants had not been apprised."

On the 21st day of March, 1939, without notice to counsel for defendants, a jury was impaneled and sworn

to assess the damages against the defendants and rendered a verdict for the plaintiffs and a judgment for the plaintiffs in the sum of $6,344.04 was entered against the defendants. The record shows that Rollo E. Karkeet, attorney for defendants, could be reached at No. 232 Shoreland Building, Miami, Florida. The case of Glenn Falls Ins. Co. v. Porter, 44 Fla. 568, 33 So. 473, is relied upon as authority for striking the pleas and entering judgment by default and later a final judgment. Whether or not counsel in the cited case had notice of the proceeding can not be determined by reading the case. Pleas that failed to set up a defense were ignored, but in the case at bar the action of the court was based on the fact that the pleas were not sworn to. The legal sufficiency thereof was not before the court. The name and address of counsel for defendants, as shown by the record, were among the court files when the case was heard. Counsel for the defendants was without notice of the application for the order striking said pleas from the files. The record fails to show that he was advised as to the entry of the default judgment or judgment final.

If counsel for defendants below had been advised or notified of the hearing before the lower court wherein an order was sought striking from the record the unsworn pleas, it is probable that counsel for defendants would have appeared in court and requested the privilege of swearing to the said pleas, or requested of the court additional time in which to file amended pleas, or if counsel for defendants in the order made in the lower court striking from the files the unsworn pleas had been allowed a reasonable time in which to swear to the pleas or file amended pleas from and after the date of said order and counsel for the defendant been so advised or a copy of the order sent to counsel for defendants through the mails at the post office address then

disclosed by the record, it is possible that a default judgment would never have been entered and the case on its merits would have at a later date been submitted to a jury under appropriate instructions.

Section 4 of the Declaration of Rights of the Constitution of Florida provides that all courts in this State shall be open so that every person for an injury done him in his lands, goods, person or reputation shall have a remedy, by due course of law, and right and justice shall be administered. It cannot be said that right and justice has prevailed in the case at bar when the defendants are required to pay a judgment of $6,344.04 and deprived of the right and privilege of presenting their defense. The constitutional rights of citizens cannot be sacrificed to judicial procedure. The ends of justice require that the defendants should have their day in court and an opportunity to defend the suit pending against them.

The judgment appealed from is reversed and a new trial awarded.

TERRELL, C. J., and WHITFIELD, J., concur.

BROWN, J., concurs in conclusion.

BUFORD and THOMAS, J. J., dissent.

BUFORD, J. (dissenting).—I think the so-called pleas did not amount to pleas of any sort because they were not verified under oath and the court committed no error in striking same without notice.