UNIVERSAL CREDIT COMPANY and A. E. WALSH v. B. L. BECKWITH.

172 Sou. 358.

Opinion Filed January 18, 1937.

Rehearing Denied February 17, 1937.

866

*Clyde W. Atkinson, J. Lewis Hall* and *Julius F. Parker,* for Plaintiffs in Error;

*W. J. Oven* and *W. J. Oven, Jr.,* for Defendant in Error.

Davis, J.—Suit was brought in Leon County on a joint obligation signed by B. L. Beckwith and A. E. Walsh, as joint makers. The obligation was executed in Marianna, Florida, and for the purpose of this writ of error it is conceded that the cause of action on it accrued in Jackson County and not in Leon County. The obligation was in the form of a conditional sales contract, incorporating a promise to pay the balance due by the joint makers on the unpaid purchase price of a truck and trailer bought by defendants below from plaintiff's assignor, J. J. McCaskill Motor Company.

Process of the Leon County Circuit Court was executed upon both Walsh and Beckwith, but Beckwith alone appeared and contested the action. So far as the record shows Walsh is in default for want of appearance, plea, answer or demurrer, but no judgment or other action against him on account thereof appears to have been entered of record in the court below. Judgment in abatement was entered in favor of Beckwith on a plea of privilege, and it is from the latter judgment that this writ of error now before the Court was sued out.

In a suit against two defendants, founded upon a joint cause of action against both, one of the defendants cannot quash the action by pleading, in abatement, a venue privilege which is applicable to himself alone. To make a plea

in abatement effectual in such a case, all the defendants must unite in the plea, for it cannot be interposed by one alone. DeForst v. Jewett, 1 Hall (N. Y. Superior) 137. Thus in the case just cited the Court stated:

"*Per Curiam.* This action is brought against two defendants, founded upon a joint contract by both. The declaration counts upon a joint promise, and at the trial, this promise must be proved expressly as laid, or the plaintiffs will be liable to be nonsuited. One of the defendants pleads the general issue; while the other interposes a plea in abatement to *the whole suit,* founded upon matters, which are applicable merely to himself. This plea cannot be sustained; for the cause of action being joint, against the two defendants, nothing can abate the suit, which is not pleaded by both. One of two joint defendants cannot plead any matter in abatement of a joint suit, which is applicable to himself alone; for the plea, in such case, does not reach the whole cause of action. The plea must be sufficient to defeat the suit against both defendants; and to accomplish that, the joint defendants must unite in the plea. Here the defendant, Parsons, pleads the service of a process of foreign attachment upon him alone in Connecticut, and sets it up by way of defense to an action against himself and Jewett, founded upon a joint promise by both. To make this defense available in any point of view, both defendants must unite therein."

If, in law, a defect exist in the proceedings for which a plea in abatement to quash the whole suit on a joint promise will lie, the parties named and served as joint defendants may jointly plead it in abatement, even though it may pertain to one of the parties only, but such ground of abatement cannot be pleaded by one alone of the joint defend-

ants, nor by any number of them less than all who are jointly named and served. Butts v. Francis, 4 Conn. 424.

The judgment in abatement rendered in favor of Beckwith on his plea of privilege as to venue (Section 4219 C. G. L., 2579 R. G. S.) is shown to be erroneous by matters appearing on the face of the record,* therefore the same should be, and is hereby reversed with directions to enter judgment for plaintiff on such plea *non obstante veredicto,* with leave to the defendants or either of them to plead over to the merits as they may be advised, within such time as the court below shall by its order allow and fix, and thereupon to have further proceedings as may be according to law.

Reversed with directions.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

---

*See: McNally v. State, *ex rel.* Bond Realization Corp., 112 Fla. 434, 150 Sou. Rep. 751, where it is held that jurisdictional or fundamental errors shown of record, may be notice in an appellate court, irrespective of exceptions or objections in the court below. In this case motion in arrest of judgment with prayer for repleader was filed by plaintiff in error and denied in the court below. The appropriate motion in cases where issue has been joined and verdict found on an immaterial plea is motion for judgment *non obstante veredicto.* See Evans v. Kloeppel, 72 Fla. 267. 73 Sou. Rep. 180.