PER CURIAM.
Appellant, plaintiff below in a declaratory judgment action, seeks reversal of an interlocutory order entered in the trial court dismissing the City of Ormond Beach, Florida, as a party defendant on the grounds of improper venue as to said defendant.
By its complaint appellant sought a determination of the constitutionality of an ordinance enacted by Ormond Beach on *147 March 18, 1969, substantially increasing the rates on water that the city sells to appellant, which sells and distributes the water to its consumer customers in Volusia County. Also sought to be determined by the complaint is the constitutionality of Section 367.12, Florida Statutes, F.S.A., in its application to appellant in view of the alleged unconstitutional increase in water rates by the city’s ordinance. By its operation, the statute fixes appellant’s retail water rates to those which prevailed on September 1, 1967, long before the rate increase imposed by the city under its ordinance.
The trial court expressly grounded its order on the decisions in Williams v. City of Lake City, 62 So.2d 732 (Fla.1953); City of St. Petersburg v. Earle, 109 So.2d 388 (Fla.App.19S9) ; and Amelia Island Mosquito Control District v. Tyson, 150 So.2d 246 (Fla.App.1963). In its order, the lower court expressly held that the appellee city was not a necessary or proper party to appellant’s action against the appellee city.
We have examined the authorities relied upon by the trial court and find them to be controlling. The city’s motion to dismiss was properly granted. Appellant’s contention that Rule 1.060, Florida Rules of Civil Procedure, 30 F.S.A., requires a transfer of its claim against the city to the appropriate court in Volusia County is contrary to the decision in McCue v. Lane, 228 So.2d 101 (Fla.App.1969), holding that it is improper to transfer only a portion of a case.
Appellant has failed to demonstrate that the lower court’s ruling that its claims against the two defendants should be adjudicated separately is erroneous. Accordingly, the interlocutory appeal herein is dismissed.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.