CARROLL, Judge.
The appellant Florence A. McCue, joined by her husband Gerald P. McCue, filed a negligence action (medical malpractice) in the circuit court of Dade County, against Dr. David C. Lane, Dr. Robert C. Woolsey, Dr. Jack Mickley, Dr. Curtis J. Flanagan, Dr. Peritz Scheinberg, Dr. Robert E. Ingersoll, Medical Protective Insurance Company and Memorial Hospital.
The defendants Lane, Woolsey, Flanagan, Memorial Hospital and Medical Protective Insurance Company filed motions to sever, and on March 6, 1969, the circuit court in Dade County in which the case was pending, entered orders for separate trial of the claims or issues relating to those defendants and transferring that part of the case to Broward County (Seventeenth Judicial Circuit) for trial there, retaining for trial in Dade County the claims or issues as to the remaining defendants Mickley, Scheinberg and Ingersoll. From those orders the plaintiff filed interlocutory appeal No. 69-257.
We find merit in that appeal. Rule 1.270 RCP, 30 F.S.A., entitled “Consolidation: Separate Trials,” by subsection (b) provides: “The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues.” The authority granted by that rule to order a separate trial of any claim or number of claims or of separate issues, necessarily contemplates that the separate trial or trials thereof will be held in the case in the trial court in which the case is lodged. That rule makes no provision for transferring one or more of the claims or issues in the case to a court in another jurisdiction for separate trial there, which is what was done in this instance. When those orders were entered (March 6, 1969), no statute was in effect for the transfer of a civil action to another jurisdiction for reasons of convenience. Accordingly, the several orders which are challenged on appeal No. 69-257 are reversed.
On March 26, 1969, approximately three weeks after entering the orders of severance and transfer to Broward County, as to certain defendants as discussed above, an amended complaint was filed by the plaintiffs in the cause in Dade County, against the same defendants. Again, based on defendants’ motions for severance, the court in Dade County entered an order on June 30, 1969, providing for separate trials of claims or issues as to the defendants Lane, Woolsey, Mickley, Flanagan, Inger- *103 soil, Medical Protective Insurance Company, and Memorial Hospital, and transferred the parts of the cause relating to those defendants to the circuit court in Broward County (Seventeenth Judicial Circuit). Upon so doing, the court retained for trial in Dade County the cause of action or issues relating to the defendant Scheinberg. Appeal No. 69-662 was taken by the plaintiffs from that order.
At the time the order of June 30, 1969 was entered there had become effective (on June 6, 1969) an act of the 1969 legislature (c. 69-83) entitled “An Act relating to venue; amending chapter 47, Florida Statutes, by adding section 47.122; authorizing change of venue for the convenience of parties or witnesses or in the interest of justice; providing an effective date.” Section 47.122, added by that amendment, reads as follows: “For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.” (Emphasis added.) By its terms the act became effective upon becoming a law, and it was approved by the Governor and filed in the office of the Secretary of State on June 6, 1969.
Under the authority of the 1969 act, the court in Dade County, upon a proper showing, could have transferred the entire cause to the circuit court of Brow-ard County, where some of the defendants resided, and which, therefore, was a court wherein the action might have been brought. By permitting transfer of “any civil action,” the statute did not provide for or authorize the transfer of some but not all of the issues or separate claims involved in a case. For that reason, and also for the reason given in reversing the earlier transfer orders of March 6, 1969, we find merit in appeal No. 69-662 and reverse the order of June 30, 1969. This ruling would not preclude the trial court, after remand, from considering the propriety of transferring the entire “civil action” to the circuit court of Broward County, upon a proper showing therefor consistent with the provisions of said statute, § 47.122 Fla.Stats., F.S.A. See Highland Ins. Co. v. Walker Memorial Sanitarium and Benevolent Ass’n, Fla.App. 1969, 225 So.2d 572.
Reversed and remanded for further proceedings.