303 So.2d 391 (1974)
ZUCKERMAN-VERNON CORP., a Florida Corporation, Appellant,
v.
Murray ZELIKOFF et al., Appellees.
No. 74-697.
District Court of Appeal of Florida, Third District.
November 5, 1974.
Rehearing Denied December 9, 1974.
*392 Snyder, Young, Stern & Tannenbaum, and Neil P. Linden, North Miami Beach, for appellant.
Heller & Kaplan and Robert Golden, Miami, Hugh S. Glickstein, Lauderhill, Truett & Watkins, Miami, Koenig & Katz, Hollywood, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Defendant-appellant takes this interlocutory appeal to seek review of the trial court's order severing and transferring defendant's third party action to another jurisdiction.
On October 11, 1972, plaintiff-appellee Murray Zeikoff filed a complaint against the defendant-appellant, Zuckerman-Vernon Corp., for compensatory and punitive damages for an alleged intentional misrepresentation that certain realty located in Broward County, Florida conformed to the appropriate building code.[1] Subsequently, plaintiff filed an amended complaint and second amended complaint. In December 1973, the trial judge entered an order granting defendant corporation leave to file a third party complaint. Thereupon, appellant filed a third party complaint against the third party defendant-appellees Clarwood Builders, Inc.,[2] its president Howard M. Drusin, and May Plumbing Company, Inc.[3] In response thereto, the third party defendant-appellees filed, inter alia, a motion to sever and as one of the grounds therefor alleged improper venue. After hearing oral argument thereon the trial judge entered the herein appealed order severing and transferring the third party action to Broward County and retaining jurisdiction of the proceedings between plaintiff-appellee and the defendant-appellant corporation.
On appeal, defendant contends that the trial judge erred in transferring to another jurisdiction only a portion of the case. We find this point well taken.
The authority granted by RCP 1.270(b) to a trial judge to order a separate trial of any claim or number of claims or of separate issues, necessarily contemplates that the separate trial or trials thereof will be held in the case in the trial court in which the case is lodged. However, that rule makes no provision for transferring one or more of the claims or issues in the case to a court in another jurisdiction. McCue v. Lane, Fla.App. 1969, 228 So.2d 101; Southern Gulf Utilities v. Mayo, Fla.App. 1969, 239 So.2d 146. Thus, we conclude the trial judge committed reversible *393 error in ordering a transfer of a portion of the case sub judice. Nevertheless, this conclusion does not preclude the trial court, after remand and upon a proper showing, from transferring the entire cause to the circuit court of Broward County pursuant to § 47.122, Fla. Stat., F.S.A.
Reversed and remanded for further proceedings.
NOTES
[1] Such representation was false in that there was faulty plumbing and other construction defects.
[2] The seller of the subject property to the defendant.
[3] The company which furnished and installed the alleged defective plumbing.