323 So.2d 585 (1975)
ZUCKERMAN-VERNON CORP., a Florida Corporation, Appellant,
v.
Murray ZELIKOFF and Clarwood Builders, Inc., et al., Appellees.
No. 75-110.
District Court of Appeal of Florida, Third District.
November 18, 1975.
Rehearing Denied January 12, 1976.
Snyder, Young, Stern, Barrett & Tannenbaum and Barry Scott Richard, North Miami Beach, for appellant.
Truett & Watkins, Miami, Hugh S. Glickstein, Koenig & Katz, Hollywood, Heller & Kaplan and Robert Golden, Miami, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Zuckerman-Vernon Corporation, defendant in the trial court, appeals from an order granting summary judgment as to liability to Murray Zelikoff, plaintiff. Third-party defendants, Clarwood, Inc., Drusin, and May Co. also challenge the summary judgment as to liability entered against Zuckerman-Vernon.
Zelikoff filed a complaint against Zuckerman-Vernon for damages. It was alleged that he purchased four apartment buildings in Broward County from the defendant corporation, which warranted that the plumbing conformed to all relevant codes. In fact, the plumbing did not conform to the codes. Wastes evacuated and eliminated into the residents' toilets were later backed up through those toilets and out into the apartments, causing "severe damage" to their interiors. Later, the defendant added a third-party complaint against three parties alleged to be builders and contractors who had supplied the defendant with the defective plumbing. The third-party defendants moved to transfer the cause to Broward County. The trial judge ordered the third-party action transferred to Broward County, but the case-in-chief retained in Dade County. The defendant appealed, and this court reversed the transfer order, holding that either the whole matter should be transferred or none of it but that the complaint and third-party complaint should be kept together. Zuckerman-Vernon Corporation v. Zelikoff, Fla. *586 App. 1974, 303 So.2d 391. During the pendency of the proceedings reported in the cited case, between the time this court released its opinion on November 5, 1974 and the date it denied a rehearing and the mandate issued, the trial judge entertained a motion for summary judgment and rendered a summary judgment in favor of the plaintiff against the defendant in the case-in-chief.
This appeal ensued, contending that the court erred in proceeding to determine the summary judgment when the question of whether or not the third-party complaint was properly before the Circuit Court of the Eleventh Judicial Circuit was the subject of appellate review. Strauser v. Strauser, Fla.App. 1974, 303 So.2d 663; De La Portilla v. De La Portilla, Fla. 1974, 304 So.2d 116.
We believe it was inappropriate for the trial judge to go forward with the matter when he was on notice that his order, severing the third-party complaint was in the process of being reversed, particularly in light of the rule of civil procedure which would permit a third-party defendant to address defenses to the original complaint. See: Rule 1.180(a), F.R.C.P.[1]
Therefore, the summary judgment in favor of the plaintiff on liability be and the same is hereby reversed and set aside, and the matter is returned to the trial court without prejudice to any of the parties renewing motions for summary judgment when all parties are before the court.
This opinion is not to be construed as passing upon the merits of the plaintiff's motion for summary judgment.
Reversed and remanded, with directions.
NOTES
[1] Rule 1.180. Third Party Practice

"(a) * * * The third party defendant may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff's claim. The third party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff. The plaintiff may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff and the third party defendant thereupon shall assert his defenses as provided in Rules 1.110 and 1.140 and his counterclaims and crossclaims as provided in Rule 1.170. * * *" [emphasis added]