323 So.2d 49 (1975)
Janet AMICK and Nationwide Insurance Company, Appellants,
v.
Patricia HANOUSEK, Individually and As Next Friend and Guardian of Tereasea Patterson, a Minor, and Joseph Hanousek, Appellees.
No. 75-887.
District Court of Appeal of Florida, Second District.
December 5, 1975.
Daniel A. Carlton, Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellants.
Robert C. Widman, Nelson, Payne, Hesse & Cyril, Sarasota, for appellees.
*50 BOARDMAN, Judge.
Appellants filed this timely interlocutory appeal from an order of the trial court denying their motion for change of venue from Sarasota County to Charlotte County. The controversy arose out of a personal injury action. The appellees, Patricia Hanousek, individually and as next friend and guardian of Tereasea Patterson, a minor, and Joseph Hanousek, filed a complaint in the Circuit Court for Sarasota County against the appellants, Janet Amick and Nationwide Insurance Company (properly named Nationwide Mutual Fire Insurance Company). Appellants filed a motion to dismiss complaint, to abate, or to transfer the action on the ground that venue did not properly lie in Sarasota County. After hearing, the trial court entered its order denying said motion. The trial court, in its order, found that the cause of action arose in Charlotte County; that appellant/defendant, Janet Amick, was a resident of that county; that Nationwide Insurance Company, appellant, had an office for the transaction of its business in Sarasota County, but that this fact alone was not sufficient to place venue in Sarasota County, pursuant to Section 47.051, Florida Statutes. The court further found that the minor appellant, Tereasea Patterson, and her family, would suffer extreme physical and emotional hardship if required to travel to Charlotte County for the trial of the case; and, further, found that for the convenience of the parties, and in the interest of justice, the venue should remain in Sarasota County pursuant to Section 47.122, Florida Statutes.
Upon careful review of the record, briefs and having heard oral argument, we reverse for the reasons stated below.
The sole issue presented for our determination is one of proper venue. Section 47.011, Florida Statutes, provides in essential part:
... Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located... . [Emphasis supplied].
According to the authority contained in Section 47.122, Florida Statutes, a change of venue may be granted by the trial court for the convenience of the parties or witnesses or in the interest of justice and the cause transferred to another court in which it might have been brought. Based on our interpretation and construction of the statutory law applicable, and in light of the factual circumstances presented in this case, we hold that the instant action could have been brought only in Charlotte County and could not have been properly brought in Sarasota County. Therefore, we submit, Section 47.122, Florida Statutes, does not control this case and it was error for the trial court to have denied appellants' motion for change of venue on authority of said statutory law.
We do agree with that portion of the order appealed which finds appellant, Nationwide Insurance Company, a foreign corporation authorized to do business in the State of Florida, did have an office in Sarasota County and that this fact, standing alone, would not be sufficient to retain venue in Sarasota County under Section 47.051, Florida Statutes.
It is clear from the record before us that Janet Amick, appellant, timely asserted her personal privilege of venue pursuant to 47.011, Florida Statutes, and it should not be defeated because she is joined as a party defendant with her insurer, a foreign corporation. See England v. Cook, Fla.App.3d, 1972, 256 So.2d 403.
Reversed and remanded with directions to the trial court to enter an appropriate order granting the motion for change of venue.
HOBSON, Acting C.J., and SCHEB, J., concur.