MASON, ERNEST E. (Circuit Judge, Retired),
Associate Judge.
Appellant Cooley has filed this interlocutory appeal for review of an order of the Circuit Court of Marion County which denied her motion to dismiss the complaint filed in the trial court against her and her insurer, the other appellant herein, or, in the alternative, to transfer the action to *500 Clay County, on the ground of improper venue in Marion County.
The suit grew out of a motor vehicle collision which occurred in Clay County allegedly between a motor vehicle owned and operated by appellant Cooley and one owned by the appellee Briggs, causing injury to the latter. The record reflects that Cooley was, at the time of the collision and at the time of suit, a resident of Clay County, and that Allstate Insurance Company, which covered her with liability insurance, was authorized to do business in Florida, but was not a resident of Florida.
Both appellants (defendants below) filed timely objections in Marion County and alleged that such venue was properly in Clay County. We agree and reverse.
Section 47.011, Florida Statutes provides that:
“Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. ...”
Here, the appellant Cooley resided in Clay County and the cause of action arose in that county, and unless Cooley has waived her right to be sued in Clay County or is es-topped to raise a venue objection, she is entitled to be sued in that county. We find neither fact to exist in the record. Fortuitously, after suit was filed, service was promptly had upon the non-resident defendant, Allstate, but the sheriff was unable to effect service upon Cooley for some nine months after suit. In the meantime, Allstate filed a motion to dismiss or for transfer of venue to Clay County which motion was denied by the trial judge, whereupon Allstate filed an answer which included an affirmative defense of improper venue. Again the trial court denied this defense of improper venue by striking it. Thereafter, the two parties before the court proceeded to prepare for trial. This all occurred before service was had upon appellant Cooley. When such service was effected upon her, she promptly raised the issue of venue, claiming her right to be sued in Clay County. The trial judge denied her motion raising this issue. Hence this appeal.
It is appellee’s position that Cooley’s motion attacking venue in Marion County is improper for two reasons. First, he says that the motion was not joined in by Allstate, the other defendant, and secondly, that through the actions of both appellants, Cooley is now estopped to raise a venue objection. We find both assertions to be without merit. As to the first reason that Allstate should have joined in Cooley’s motion to be effective, we hold that such was not necessary because under the statute, the venue privilege is personal to the defendant claiming it. Furthermore, such joinder would have been futile in view of the fact that the trial judge had already twice denied Allstate’s objection to Marion County venue. As to the question of estop-pel, there are no facts in the record to support this claim. Cooley asserted her privilege to be sued in the county of her residence at the very first opportunity she had to do so. She was served with process on August 22, 1977, and eight days thereafter she filed her motion for change of venue, well within the twenty days allowed her under the rule to file defensive pleadings.
Appellee relies upon the case of Universal Credit Co. et al. v. Beckwith, 126 Fla. 865, 172 So. 358 (1937). However, we do not find that Beckwith supports his position for the reason that in Beckwith the two defendants were joint obligors on a contractual obligation and were there held to be joint defendants in such fashion as to require both to join in a motion for change of venue. Assuming the reasoning in Beck-with to be valid as to the situation reflected therein, such reasoning is not valid as applied to the facts in this case. Cooley and Allstate are not joint obligors. Cooley’s obligation, if any, toward appellee is that of an alleged tort-feasor, while Allstate’s obligation to respond to appellee’s claim for damages stems from its contract to indemnify Cooley under her policy for damages caused by her to a third party, the courts of this state having decreed that such third party is a beneficiary of such policy. In *501 other words, the law imposes upon the insurer an implied contractual obligation to respond in damages directly to one injured by the negligence of the insured.
More in point and decisive of the issue to be resolved by us is the case of Amick v. Hanousek, 323 So.2d 49 (Fla. 2nd DCA 1975), wherein our sister court of the Second District held that the venue privilege granted by Section 47.011, Florida Statutes, is one personal to the party claiming it and that it cannot be denied because the alleged tort-feasor is joined as a party defendant with her insurer, a foreign corporation. As stated above, Allstate is a foreign corporation having no county of residence in Florida.
Reversed and remanded with directions to the trial court to enter an appropriate order granting the motion for change of venue and transfer of the file below to the Circuit Court of Clay County, Florida.
McCORD, C. J., and BOYER, J., concur.