374 So.2d 557 (1979)
Russell KILPATRICK et al., Appellants,
v.
Jayne S. BOYNTON, Etc., et al., Appellees.
Nos. 78-1858, 78-2046.
District Court of Appeal of Florida, Fourth District.
August 1, 1979.
*558 M. Lee Thompson of Law Offices of M. Lee Thompson, West Palm Beach, for appellants.
H.L. Cooper, Jr., of O'Connell & Cooper, P.A., and Beverly & Freeman, West Palm Beach, for appellees.
CROSS, Judge.
By these consolidated interlocutory appeals, Russell Kilpatrick and Drayton Kilpatrick are joined by Omni Aviation Managers, Inc. and the Home Insurance Company in seeking review of separate orders denying a change of venue in a personal injury suit. We reverse.
Suit was filed against the respective appellants to recover damages allegedly incurred by Jayne S. Boynton and Wayne A. Boynton, her husband, as a result of the crash of a private aircraft owned by the Kilpatricks which occurred in Glades County, Florida. Russell Kilpatrick is a resident of Glades County, Florida. Drayton Kilpatrick is a resident of Hendry County, Florida. Omni Aviation Managers, Inc., which issued a policy of liability insurance to Drayton Kilpatrick, and the Home Insurance Company are allegedly foreign corporations authorized to do business in the State of Florida which have an agent or representative in Palm Beach County, Florida.
Suit was brought in Palm Beach County, Florida, where the Boyntons reside. The respective appellants filed their motions for change of venue. The trial court denied these motions on the ground that the convenience of the parties and great majority of the witnesses required that the cause be tried in Palm Beach County. Separate interlocutory appeals were brought and consolidated for our consideration here. The sole issue presented for our determination is whether the trial court erred in denying the Kilpatricks' respective motions for change of venue.
Venue in the instant case is controlled by the provisions of Section 47.011, Florida Statutes (1977), which provides in relevant part:
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.
The intent of the venue provisions is to require that litigation be instituted in that forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action. Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975). The joining of a defendant's insurer as a party defendant in an action arising from personal injuries will not ordinarily act to defeat the intent of the venue statute. Allstate Insurance Company v. Briggs, 355 So.2d 499 (Fla. 1st DCA 1978); Amick v. Hanousek, 323 So.2d 49 (Fla. 2d DCA 1975).
Counsel for the Boyntons argues that since Drayton Kilpatrick's insurer has denied coverage, an independent cause of action for breach of a third party contract now exists in favor of the Boyntons against Omni Aviation Managers, Inc. and the Home Insurance Company. It is upon this basis that appellees assert that venue may properly be laid in Palm Beach County.
Appellees' argument misses the point. Appellants Kilpatrick are residents of Glades and Hendry Counties, respectively. The accident giving rise to the claim for damages for personal injury occurred in Glades County. Thus, the Kilpatricks may claim the privilege granted by Section 47.011, Florida Statutes, and insist that suit be brought in either Glades or Hendry County. The liability of the Kilpatricks' insurer is contingent upon the existence of liability on the part of the alleged active tortfeasor. The joining of a defendant's insurer is for the benefit of the plaintiff who is considered to be a third party beneficiary under the contract of insurance, provided of course, that the alleged tortfeasor himself is *559 liable to the plaintiff. Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969). Such joinder should not detract from the right of the principal defendant to enjoy the benefit of the venue provisions. Nor would the mere denial of coverage create an independent cause of action sufficient to support venue independent of the principal defendant. Indeed, one of the primary reasons for allowing the joinder of insurers as party defendants is so that "all questions concerning coverage supplied the insured by the insurer" can be expeditiously resolved in one proceeding. Shingleton v. Bussey, id., at 719. Because the liability of the insurer, whether admitted or denied, is contingent upon the liability of the alleged tortfeasor, the rights granted to the principal defendant by the venue statute must be recognized. It follows that since the instant action could not have originally been filed in Palm Beach County, the trial court could not order the matter maintained there for the convenience of the parties plaintiff or witnesses. Section 47.122, Florida Statutes (1977); Amick v. Hanousek, supra.
Accordingly, the order is reversed and the cause remanded, with directions to the trial court to enter an appropriate order granting the motion for change of venue.
Reversed and remanded, with directions.
ANSTEAD and MOORE, JJ., concur.