THOMPSON, Judge.
The appellant challenges a workers’ compensation Order, contending in part that the Deputy Commissioner (“the Deputy”) erred by denying the appellant’s motion to change venue. We agree and reverse.
The appellee was injured in 1979, and shortly thereafter, the appellant filed a report of this injury, pursuant to § 440.185(2), Fla.Stat. (1979), listing a Palm Beach County mailing address. In 1980, a claim was filed, and on April 21, 1980, the Deputy entered a Notice of Hearing set for May 22, 1980 in Palm Beach County. On May 1, 1980, the appellant filed a motion to change venue to Broward County, alleging that this is where the appellee’s accident occurred. An emergency hearing was held on May 9, 1980 to consider this motion. On May 15, 1980, the Deputy entered an Order denying the motion. Subsequently, there was a hearing in Palm Beach County on the merits of the claim, and the appellant took this appeal from the Deputy’s Final Order, which issued from the May 22, 1980 hearing.
The appellee initially argues that this court has no jurisdiction to review the Deputy’s venue Order, because that Order was never appealed. However, this court does have jurisdiction to review that Order, which was non-final in nature. See Fla.R. App.P. 9.130(a)(3)(A) and 9.130(g). Also, the fact that the appellant’s Notice of Appeal did not refer to the venue Order does not preclude our consideration of that Order on this appeal from the Final Order. See, e. g, Auto Owners Ins. Co. v. Hillsborough Cty. Aviation Authority, 153 So.2d 722, 723-24 (Fla.1963).
Section 440.25(3)(b), Fla.Stat. (1979), provides in part that “[t]he hearing shall be heard in the county where the injury occurred, ... unless otherwise agreed to between the parties and authorized by the deputy commissioner in the county where the injury occurred.” At the emergency hearing, counsel for both parties agreed that the accident occurred in Broward County, and the appellant did not agree to an alternative venue. Nor did the Deputy in Broward County authorize a change of venue. Despite these facts, the Deputy denied the appellant’s motion to change venue as being untimely and inappropriate. That denial was error.
The appellee argues that the Palm Beach County address listed in the appellant’s “report of injury” should govern the issue of venue. This argument is without merit. Section 440.185(6), Fla.Stat. (1979), provides inter alia that such a report, filed pursuant to § 440.185(2), Fla.Stat. (1979), “shall not be evidence of any fact stated in such report in any proceeding relating thereto ...,” unless the parties otherwise stipulate. No such stipulation appears herein.
There was no evidence nor agreement to allow the hearing to be held in Palm Beach County. Moreover, the appellant’s motion to change venue to Broward County (the proper site) was timely filed. In this respect, the appellee’s claim letter failed to comply with § 440.19(2)(d), Fla.Stat. (1979), which requires that the claim specify the time and place of the accident. Thus, due to the appellee’s failure to specify where the accident occurred, the appellant asserted its right as to proper venue at the first available opportunity; i. e., shortly after receiving the Notice of Hearing. See Allstate Ins. Co. v. Briggs, 355 So.2d 499, 500 (Fla. 1st DCA 1978).
The Deputy’s venue Order is reversed and this cause is remanded with instructions to transfer venue to Broward County. In view of our disposition of this matter, we do not pass upon the issues raised by the appellant with regard to the *664 Deputy’s Final Order. The transfer of venue to Broward County will result in a new hearing, and the Deputy in Broward County will make a de novo redetermination of all issues in this cause. See University Federal Savings and Loan Ass'n v. Lightbourn, 201 So.2d 568, 570 (Fla. 4th DCA 1967).
SHIVERS and SHAW, JJ., concur.