MILLS, Judge.
This is a consolidated workers’ compensation appeal from two separate orders involving the same claimant and employer, and the same industrial accident. The first order appealed from awarded Jaime temporary disability, continuing medical treatment, and permanent total disability. The second order appealed from was rendered during the pendency of the first order’s appeal to this court, and awarded attorney’s fees to Jaime’s counsel. Multiple issues have been raised for our consideration. However, we find it unnecessary to list them as this case turns on the question of whether the deputy commissioner had jurisdiction to hear the instant claim. We reverse.
On 19 January 1985, Jaime sustained a compensable accident when the truck he was driving for the employer herein fell into a ditch. He received injuries to his neck, back and chest, and suffered a double hernia. The subject accident occurred in Palm Beach County.
In February 1985, Jaime filed a claim for, among other things, temporary and permanent total disability benefits. On 25 March 1985, an ex parte order was entered by Deputy Commissioner Trask in Dade County, approving an attorney’s fee retainer agreement. An additional ex parte order was entered in May 1985, on Jaime’s motion to tax costs against the carrier for its failure to appear at a scheduled deposition.
Finally, the instant matter was set for hearing on 9 September 1985. On 2 August 1985, the employer filed a motion to transfer the file to the appropriate venue; namely, Palm Beach County where Jaime’s accident occurred. By order of 21 August 1985 the motion was denied.
The question of proper venue is controlled by Section 440.25(3)(b), Florida Statutes (1983), which mandates in pertinent part:
The hearing shall be held in the county where the injury occurred, if the injury occurred in this State, unless otherwise agreed to between the parties and authorized by the deputy commissioner in the county where the injury occurred.
In the present case, the accident took place in Palm Beach County, the parties did not agree to a change in venue, and the deputy commissioner in Palm Beach did not approve a transfer. Accordingly, Deputy Trask lacked jurisdiction to hear the claim. Further, it was error for him to find the employer had acquiesced in the venue of the case residing in Dade County because too much time had elapsed between the filing of the claim and the filing of the motion to transfer venue to the appropriate county. Section 440.25(3)(b) makes no mention of any waiver provision, nor has case law expanded the statute to provide for such.
The case of Cenvill Communities v. Pierre, 393 So.2d 662 (Fla. 1st DCA 1981), negates the deputy commissioner’s conclusion of untimeliness. In Cenvill Communities, a claim was filed in 1980 for an accident which occurred in Broward County. The final hearing was set for 22 May 1982 in Palm Beach County. The *518 employer filed a motion to change venue on 1 May which was denied. On appeal, this court held that the motion to change venue had been timely filed, and reversed and remanded the case with instructions to transfer venue to Broward County for a hearing de novo. We find the employer’s motion to change venue in the present case was likewise timely, being filed six months subsequent to the filing of the claim and one month prior to the hearing date.
Accordingly, we reverse both orders on appeal and remand for a hearing de novo in Palm Beach County.
BOOTH, C.J., and WENTWORTH, J., concur.