DAUKSCH, Judge.
This is an appeal from an order transferring venue from Orange county to Broward County. Jurisdiction in this court to review this non-final order is provided for in Rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.
Because one of the causes of action alleged in the complaint concerns re-plevin of goods located in Orange County the lawsuit is properly maintained there and not Broward County. Section 47.122, Florida Statutes (1985) provides that venue can be transferred only to a county where the action initially could have been brought. Kilpatrick v. Boynton, 374 So.2d 557 (Fla. 4th DCA 1979); Bingham v. Manson, 363 So.2d 370 (Fla. 1st DCA 1978); Walt Disney World Co. v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975); Amick v. Hanousek, 323 So.2d 49 (Fla. 2d DCA 1975). Replevin actions can be brought *747 only in the county where the property is located. § 78.03, Fla.Stat. (1985). In a multi-count suit or one involving claims and counterclaims the court cannot change venue of only a portion of the entire lawsuit. Zuckerman-Vernon Corp. v. Zelikoff, 303 So.2d 391 (Fla. 3d DCA 1974); McCue v. Lane, 228 So.2d 101 (Fla. 3d DCA 1969). See also Becker, Poliakoff & Streitfeld, P.A., v. Sachs, 404 So.2d 1127 (Fla. 3d DCA 1981).
Appellees argue the court can transfer venue because a prejudgment writ of re-plevin has been entered and thus that portion of the lawsuit has been concluded. This is not factually accurate. No final judgment has been entered in the replevin matter and there is an affirmative defense raised by appellees alleging wrongful re-plevin which has yet to be decided. If appellees can support their wrongful re-plevin defense or otherwise prove the prejudgment replevin order was improperly sought or erroneously entered then it can be withdrawn. The replevin action is not yet dead, even though it may be gasping.
The order changing venue is quashed and this cause is remanded for completion at the trial court level.
ORDER QUASHED.
ORFINGER and SHARP, JJ., concur.