## POLACKWICH, etc. v FLORIDA POWER AND LIGHT COMPANY, et al.

Case No. 88-20396 (Consolidated with Case No. 20398)

Thirteenth Judicial Circuit, Hillsborough County

July 14, 1989

### APPEARANCES OF COUNSEL

C. Steven Yerrid

Nathaniel G. W. Pieper

Christian D. Searcy

Tony Cunningham

David F. Pope

### OPINION OF THE COURT

RALPH STEINBERG, Circuit Judge.

### *ORDER GRANTING MOTION TO TRANSFER VENUE*

These consolidated wrongful death actions are before the court on a motion to transfer venue filed by defendant, Florida Power and Light

Company. Hearings on this motions were held May 3, 1989 and July 5, 1989.

After considering the pleadings, the evidence presented, arguments and stipulations of counsel and the court's own legal research, the court finds:

A. The cause of action in both cases accrued in Boca Grande, Charlotte County, Florida as a result of an accident involving a boat manufactured by defendant O'Day Corporation, occupied by the decedents, coming in contact with an electrical power line owned and maintained by defendant Florida Power and Light Company.

B. Florida Power and Light Company is a Florida corporation having offices for transaction of its customary business in various Florida Counties including Palm Beach County, the location of its home office and Charlotte County but *not* in Hillsborough County, Florida.

C. The O'Day Corporation is a foreign corporation doing business in Florida through a licensed dealer of its boats in Hillsborough County, Florida.

It has not been established whether the O'Day Corporation is authorized to do business in Florida and this action has been stayed as to the O'Day Corporation as a result of a suggestion of the pendency of a bankruptcy proceeding under Chapter 7 of the U. S. Bankruptcy Code it has filed with this court. However, these factors are not important to a determination of the issue before the court.

Section 47.051 of the Florida Statutes provides:

"Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located."

Were it not for the joinder of the O'Day Corporation as a defendant, it would be clear that Hillsborough County is an improper venue for this action. The issue presented is whether the O'Day Corporation's dealership in Hillsborough County permits venue to be in this County.

Counsel for the parties have not provided the court with any authority factually in point and the court's own research likewise has not revealed any cases precisely addressing the issue. However, by

**170**

analogy, the case of *Amick v Hanousek,* 323 So.2d 49 (Fla. 2d DCA 1975) appears to give the court direction.

In the *Amick* case, a foreign corporation authorized to do business in Florida, transacting business in the County where the suit was filed, was joined as a defendant with a person who was a Florida resident. The Florida resident sought a change of venue to the county of her residence which was also the county in which the cause of action arose. The District Court of Appeal held, in reversing a denial of her motion for a change of venue, that the venue privilege of a Florida resident should not be defeated because of the joinder of a foreign corporation.

It is the decision of this court that a Florida corporation has the same status as an individual Florida resident with respect to venue.

Accordingly, it is ORDERED as follows:

1. The motion to transfer venue filed by defendant Florida Power and Light Company is granted.

2. The venue of these consolidated cases is transferred to Palm Beach County, Florida where the complaints could have initially been filed, pursuant to the selection of the plaintiffs, as provided under Rule 1.060(b) of the Florida Rules of Civil Procedure, subject to compliance with Rule 1.060(c).

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 14th day of July, 1989.