PER curiam:
This is an appeal from a nonfinal order transferring a consolidated wrongful death case from Hillsborough County to Palm Beach County based on improper venue. We reverse.
The lawsuits, which were filed in Hills-borough County, arose from the electrocution of a father and his stepson when their rented catamaran came in contact with power lines near Boca Grande Causeway in Charlotte County. Appellants sued appel-lee, Florida Power and Light Company (FP & L), a domestic corporation, as owner of the power lines and as manufacturer of the electricity, and sued O’Day Corporation (O’Day), a foreign corporation, as manufacturer of the catamaran. Appellants alleged that O’Day was a foreign corporation doing business in Florida through its authorized dealer in Hillsborough County, Dry Dock, Inc. (Dry Dock), by advertising and selling products manufactured by O’Day.
FP & L moved to transfer the case to Charlotte County for improper venue pursuant to section 47.051, Florida Statutes (1989). FP & L alleged and proved through affidavits that FP & L does not maintain an office or otherwise transact business in Hillsborough County, and its home office is in Palm Beach County. FP & L further asserted that O’Day, as a foreign corporation not licensed to do business in Florida, did not have an “agent or other representative” in Florida within the meaning of section 47.051, Florida Statutes (1989). FP & L argued that even if O’Day were not required to be licensed because of Dry Dock’s status as an independent contractor pursuant to section 607.304(2)(e), Florida Statutes (1989), Dry Dock could not also be an “agent or other representative” for purposes of venue.
The trial judge found that FP & L had offices for transacting its customary business in Charlotte County and Palm Beach County, its home office, but not in Hillsbor-ough County. The court found that O’Day was a foreign corporation doing business in Hillsborough County through a licensed boat dealer, but that it had not been established whether O’Day was authorized to do business in Florida. Relying on Amick v. Hanousek, 323 So.2d 49 (Fla. 2d DCA 1975), the court ruled that a Florida corporation enjoyed a venue privilege that could defeat that of a foreign corporation. Because appellants chose Palm Beach over Charlotte County, the court transferred venue to Palm Beach County.
Although the parties agree that appellants may not choose to sue FP & L in Hillsborough County absent O’Day’s presence as a codefendant, appellee argues that venue is improper in Hillsborough County *894 with O’Day as codefendant. Appellants admitted at the hearing that O’Day is not licensed to do business in Florida. The affidavits filed by appellants and executed by Dry Dock’s president and an investigator established that Dry Dock was O’Day’s licensed dealer for the west coast of Florida. FP & L did not provide any sworn proof to refute the fact that Dry Dock was O’Day’s sole licensed dealer for Florida’s west coast.
The plaintiff’s choice of venue may not be disturbed on a motion to transfer for improper venue as long as the complaint does not affirmatively show that venue is lacking. Franexco, Inc. v. Poore, 534 So.2d 1252 (Fla. 2d DCA 1988); Westshore Glass Corp. v. Hack Industries, Inc., 522 So.2d 1046 (Fla. 2d DCA 1988); Davis v. Florida Power Corp., 492 So.2d 829 (Fla. 2d DCA 1986). The party challenging venue must carry its burden of proof to overcome the plaintiff’s choice of proper venue. United Engines, Inc. v. Citmoco Services, Inc., 418 So.2d 409 (Fla. 2d DCA 1982); Cleveland Compania Maritima v. Logothetis, 378 So.2d 1336 (Fla. 2d DCA 1980).
Where two defendants reside in different counties, the plaintiff may sue in any county in which either resides. § 47.021, Fla.Stat. (1989). If one of the two defendants is a foreign corporation lawfully doing business in Florida, the foreign corporation may be sued in the county where it has an agent or other representative. § 47.051, Fla.Stat. (1989).[1]
Amick is inapplicable because it involved a case against an insured and its insurer, a foreign corporation, at a time when the law permitted joinder of the insurance carrier. Because the joinder of the insurer was for the benefit of the plaintiff, such joinder would not be permitted to defeat the venue privilege of a resident individual defendant. See Kilpatrick v. Boynton, 374 So.2d 557 (Fla. 4th DCA 1979).
Appellants alleged that O’Day was doing business in Florida through its licensed dealer, Dry Dock, and submitted sworn proof to substantiate those allegations. No evidence refuted Dry Dock’s status as an independent contractor effecting sales within the meaning of section 607.304; therefore, based on the record before us, O’Day was not required to apply for a certificate of authority from the State of Florida. Absent FP & L proving through sworn evidence that O’Day was unauthorized to do business in Florida, appellants’ choice of venue should not have been disturbed. Accordingly, we reverse the order transferring venue and remand for further proceedings in Hillsborough County.
SCHOONOVER, C.J., and RYDER and CAMPBELL, JJ., concur.

. We note that the trial court did not have the benefit of recent cases construing an "agent or other representative” for purposes of the venue statute. Piper Aircraft Corp. v. Schwendemann, 564 So.2d 546 (Fla. 3d DCA 1990); Premier Cruise Lines, Inc. v. Gavrilis, 554 So.2d 659 (Fla. 3d DCA 1990).